[386]   *L. W. RANSOM, RESPONDENT, v. FARISH AND McLAREN, APPELLANTS.

FORCIBLE ENTRY AND DETAINER, RELEASE FROM JUDGMENT.—A sued B & C for forcible entry and detainer, and obtained judgment against them, with damages, and afterwards took a deed from B for the premises, procured D to indemnify B against the judgment, and verbally promised not to prosecute B on the judgment. *Held*, that C was thereby released from the judgment, as to the damages.

APPEAL from the Tenth Judicial District.

This was an action to obtain an entry of satisfaction upon a judgment and injunction.

The facts of the case were, that Ransom and a certain Geo. W. Josselyn had entered upon certain property in Marysville, belonging to Josselyn, but then in the possession of Farish & McLaren; that the latter had commenced an action of forcible entry and detainer, before a Justice of the Peace, against the plaintiff and Josselyn; that the case was appealed to the County Court, where judgment was rendered against Ransom and Josselyn for the restitution of the property and $1,800 damages. Subsequently, Farish & McLaren purchased the property in question from Josselyn, paying him seven hundred dollars for it, the value of the property being over $2,000.

And at the same time they procured one Jas. H. Adams to guarantee Josselyn from liability on the judgment, on condition Josselyn should take no appeal. Farish & McLaren then issued an execution, and levied it upon the property of Ransom.

Josselyn testified that McLaren agreed verbally, at the time of Josselyn's conveyance, not to prosecute him on the judgment.

The injunction was granted, and, by the decree, was made perpetual.

The defendants appealed.

*Rowe & Dunn,* for Appellants.                    [387]

*Sweezy,* for Respondent.

Mr. J. HEYDENFELDT delivered the opinion of the Court. Mr. Ch. J. MURRAY and Mr. J. WELLS concurred.

The guaranty of Adams to Josselyn was the act of the defendants, upon the maxim, *"qui facit per alium, facit per se."*

The facts show accord and satisfaction of the judgment, and so the Court very properly found.

Judgment affirmed.