### WINFIELD SCOTT v. C. C. SLAUGHTER.

No. 1260. Decided January 7, 1904.

**Agreed Case—Record.**

Where a cause is submitted in the trial court upon an agreed statement of facts, such agreed statement, with the findings of the court, the judgment rendered, the assignments of error and appeal bond, constitute the record (Rev. Stats., art. 1293); and a transcript thereof, without the pleadings or agreement as to what the issues were or are, is sufficient to authorize a consideration of said appeal and revision of the judgment rendered. (Pp. 244-246.)

Question certified from the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

*Matlock, Miller & Dycus,* for appellant.

*K. R. Craig* and *G. G. Wright,* for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—Certified question from the Court of Civil Appeals for the Fifth Supreme Judicial District, as follows:

"In view of the opinion, as we understand it, delivered by the Court of Civil Appeals, Fourth Supreme Judicial District, sitting at San Antonio, in the case of Thaison v. Sanchez, 35 S. W. Rep., 473, 13 Texas Civ. App., 73, in which opinion this court does not concur, we deem it advisable to present to the Supreme Court of the State of Texas, for adjudication, the following issue of law arising in the above entitled cause of Winfield Scott, appellant, v. C. C. Slaughter, appellee.

"Statement.—The record before us contains nothing more than an agreed statement of facts, made and filed by the parties in the court

below upon which the case was tried, the judgment of the court, the findings of fact and conclusions of law of the trial court, assignments of error and the appeal bond. The pleadings are omitted and there is no agreement and statement as to what the issues were on the trial of the cause. The agreed statement of facts is dated May 1, 1903, signed by the attorneys of the respective parties, and properly certified to be correct by the judge before whom the case was tried, and was made, signed and filed before the trial in the lower court. The agreed statement contains the following:

"'Winfield Scott v. C. C. Slaughter. No. 22079. In the District Court of Dallas County, Texas, Forty-fourth Judicial District.

"'We hereby agree that the following is a statement of the facts in the above styled and numbered cause, and that the controversy herein may be submitted to the court on same as an agreed statement of facts.'

"Then follows a statement of the facts agreed on, and is signed by the attorneys for the respective parties. The statement of facts is certified to be correct by the judge before whom the case was tried, and that said cause was tried upon said agreed statement of facts and exhibits and no other testimony. The judgment was rendered for plaintiff on the 1st day of May, 1903, for the sum of $1325.69. Said judgment contained the following recitation:

"'From said agreed statement of facts and the exhibits thereto attached and made a part thereof, it is the opinion of the court that the plaintiff is entitled to recover the sum of $1325.69, with interest, being the amount of money belonging to the plaintiff, which was withdrawn from the treasury of the State of Texas, by the agent of the defendant on the first day of September, 1902, and that he is not entitled to recover anything else.'

"The attorneys representing appellee have filed in this court the following motion to dismiss this appeal, for the reasons as therein stated, to wit:

"'First. The transcript does not contain nor purport to contain the record of the court below. There being nothing more than the statement of facts, conclusions of fact and law, and judgment of the court. This court is therefore not in a position to determine what were the issues in the court below nor what action the court took on the pleadings, nor what issues were before the court when the judgment was rendered.

"'Second. The statement of facts filed in the court below appears to be nothing more than a substitute for the introduction of evidence on the trial in the usual manner; and is wholly insufficient under article 1293, Revised Statutes, for the reason that the issues made by the pleadings and submitted to the court below are not incorporated therein, and nowhere appear either in the statement of facts or in the judgment.'

"Question: Is an agreed statement of facts made and signed by the counsel of the parties to a cause, as above set forth, the findings of fact of the court before whom the cause was tried, the judgment rendered, assignments of error and the appeal bond contained in a transcript on

appeal in the absence of the pleadings and an agreement and statement as to what issues were and are, sufficient to authorize or require a consideration of said appeal and revision of the judgment rendered in the trial court?"

The case is controlled by article 1293, Revised Statutes, and is answered in the affirmative.