### NORTH RIVER INS. CO. v. HIPSHER et al.*
### (No. 6945.)

(Court of Civil Appeals of Texas. Austin. Jan. 27, 1926. Rehearing Denied Feb. 17, 1926.)

1. Courts ⊚⇒90(1)—Case held concluded by opinion of Commission of Appeals in former case tried on same statement of facts with identical pleadings and issues.

Where pleadings and issues and parties in case are substantially the same as those of another case, the issues raised on the merits in case at bar will be considered as conclusively disposed of by an opinion of the Commission of Appeals in the former case.

2. Appeal and error ⊚⇒573—Agreed statement of facts held to sufficiently comply with statute without necessity of agreeing to same thing after trial (Rev. St. 1911, art. 1949, formerly Rev. St. 1895, art. 1293; Rev. St. 1911, arts. 2068, 2069, not applicable).

Agreed statement of facts signed by the parties, approved by presiding judge, recited in the judgment, and filed with the clerk, held to comply with Rev. St. 1911, art. 1949, formerly Rev. St. 1895, art. 1293, without necessity of parties agreeing to same thing after trial; articles 2068, 2069, having no application to case.

3. Appeal and error ⊚⇒573—Statement of facts duly signed and filed and recited in judgment of court held sufficient on appeal, though not approved by judge.

An agreed statement of facts signed by the parties, duly filed, and recited in judgment of the court as being the basis therefor, is sufficient for purposes of appeal, though statement is not approved by trial judge.

Error from District Court, Coleman County; J. O. Woodward, Judge.

Action between the North River Insurance Company and Geo. Hipsher and others, trustees. Judgment was entered, and the North River Insurance Company brings error. Reversed and rendered.

See, also, 266 S. W. 821, 274 S. W. 1019.

Thompson, Knight, Baker & Harris and Jack F. Hyman, all of Dallas, for plaintiff in error.

Critz & Woodward, of Coleman, for defendants in error.

BAUGH, J. [1] We copy as substantially correct the following statement from the brief of the plaintiff in error:

"This case is, in all its essentials, identical with the case of North River Insurance Company v. Thomas et al., decided by this court on June 11, 1924, rehearing denied July 5, 1924, and reported in 264 S. W. 589. The pleadings are substantially the same, the insurance company is the same, the counsel for plaintiffs and defendant are the same, and the agreed statement of facts upon which the case was tried is a copy of the statement of facts of the former case, North River Insurance Company v. Thomas."

Defendants in error in their brief also state that, aside from their contentions raised on the action of this court in refusing to strike out the statement of facts in this case, the questions presented are practically identical with those presented in the Thomas Case, and that their brief herein is a substantial copy of the brief in that case. The Supreme Court granted a writ of error in the Thomas Case, and we have withheld consideration of the case at bar pending a final disposition of that case by that court. Recently in an opinion by the Commission of Appeals, not yet published, the judgment of this court in the Thomas Case was affirmed. Thus the issues raised on the merits in the case at bar are also conclusively disposed of. A full discussion of these issues is found in that case (264 S. W. 589) and a further discussion of them here becomes unnecessary. At the request of defendants in error, however, we shall briefly discuss our reasons for overruling on July 1, 1925, their motion to strike out the statement of facts in this case.

[2] The statement of facts filed in this court is the same one that was filed in the trial court. It begins with the statement that—

"The parties to the above cause hereby agree upon the following statement of facts as constituting the facts and all the facts involved in said cause, and agree that said cause may be submitted to the district court of Coleman county, Tex., and determined upon the pleadings filed and to be filed herein and upon this agreement of facts, to wit."

And closes with the following statement:

"It is agreed by the parties to the above cause that the above and foregoing statement of facts, together with the testimony given by deposition of said G. N. Holton, secretary of the State Fire Insurance Commission of Texas, shall be taken and accepted in said court and upon trial of said cause as a full, true, and correct statement of the facts involved in said cause, and that said cause shall be tried and determined by said court on the foregoing statement and agreement of facts and upon no other."

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused March 24, 1926.

The case was tried on February 8, 1924. Holton's deposition was embodied in the agreed statement. In the trial court's judgment he recites that—

"The issues of fact being represented by an agreed statement of facts signed by the parties to said cause and filed herein; whereupon and upon consideration of same and after hearing said statement of facts and the argument of counsel thereon. the court is of opinion that the law is with the plaintiffs and that the plaintiffs should recover the amount of the insurance policy herein, together with interest thereon from and after the 15th day of October, 1923."

Said agreed statement of facts also contains the following notation:

"Examined and approved this the 4th day of November, 1924. J. O. Woodward, Judge Presiding."

It also bears one file mark of the district clerk of Coleman county, dated February 8, 1924, and another dated December 2, 1924.

These facts and circumstances constituted, we think, a full and complete compliance with article 1949, R. S. 1911, which reads as follows:

"The parties may in any case submit the matter in controversy between them to the court upon an agreed statement of facts made out and signed by them or their counsel, and filed with the clerk, upon which judgment shall be rendered as in other cases; and, in such case. the statement so agreed to and signed and certified by the court to be correct, and the judgment rendered thereon, shall constitute the record of the cause."

[3] It was not necessary for the parties, after the trial, to again agree to the same thing. The facts in this case are on all fours with those in Scott v. Slaughter, 77 S. W. 949, 97 Tex. 244, which the Supreme Court held to be a compliance with article 1293, R. S. 1895. This article is carried forward in the identical language in article 1949, R. S. 1911. And it would have been a sufficient statement of facts, in view of the trial court's recital in the judgment above quoted, for the purposes of this appeal even if such statement of facts itself had not borne the approval of the trial judge. Bomar v. West, 87 Tex. 299, 28 S. W. 519.

The propositions made and authorities cited by defendants in error refer to statements of facts prepared under articles 2068 and 2069, R. S. 1911, and are not applicable to the case at bar. For these reasons the motion to strike out the statement of facts was on July 1, 1924, overruled.

In view of what we have said, appellant's other motion to strike from the transcript the statement of facts included therein becomes immaterial. Even if granted, the record would still be complete.

For the reasons stated, and on authority of North River Insurance Co. v. Thomas, supra, the judgment of the trial court in the case at bar is reversed and judgment here rendered for plaintiff in error.

Reversed and rendered.