## THE PRAETORIANS v. SIMONS et al.
### No. 13601.

Court of Civil Appeals of Texas. Dallas.
March 16, 1945.

J. W. Randall and Mack L. Vickrey, both of Dallas, for appellant.

Carrington, Gowan, Habberton, Johnson & Walker, J. W. Madden, Jr., and Hamilton, Hamilton, Turner & Hutchison, all of Dallas, for appellees.

LOONEY, Justice.

The antecedent facts are these: On December 11, 1934, D. B. Fielder leased to A. P. Simons a three-story brick building at 1309-11 Jackson Street, City of Dallas, for five years, beginning January 1, 1935 and ending December 31, 1939, the agreed price being $28,800 for the period, payable monthly in advance—the first twelve months at $400 per month and the last forty-eight months at $500 per month—the building to be used by Simons for automobile parking, repairing and servicing pur-

poses. On February 1, 1935, Fielder was indebted to The Praetorians, a corporation, in the sum of $84,551.96, evidenced by a promissory note secured by deed of trust lien on the lot and premises leased to Simons; and on March 14, 1935, as additional and collateral security for the indebtedness just mentioned, Fielder assigned to The Praetorians all rents due and to become due under the Simons lease. After the assignment, Simons paid The Praetorians all monthly rentals that accrued under the lease up to and including the month of June 1939. At that time rentals for the last six months of 1939, aggregating $3,000, had not accrued. At this juncture on June 9, 1939, Simons sold his garage business (Fielder consenting) to Mrs. Lou Schrum, who thereupon became Fielder's tenant, and contemporaneously Fielder released Simons, in writing, from all liability under the lease contract, and leased the premises to Mrs. Schrum for six years at a higher rental beginning January 1, 1940, the end of the Simons lease.

Subsequently, Fielder having defaulted in payments to The Praetorians, the latter declared the indebtedness, principal and interest, due, and on July 8, 1942, caused the trustee in the deed of trust to give notice that the real estate would be sold on August 4, 1942 (first Tuesday). With reference to and based upon this situation, on August 1, just preceding the sale, The Praetorians and Fielder entered into an agreement in writing, substantially as follows: Fielder agreed to the sale as advertised by the trustee, promised not to question its legality, and, in addition, agreed to pay the City of Dallas assessments against the property,—$440.40 for street paving and $4,077.07 for benefits received by the property incident to the widening of Field Street, agreed to execute and did execute and deliver a note payable to The Praetorians for $11,000 due on or before October 15, 1942, secured by trust deed on certain real estate (other than the real estate advertised for sale).

In consideration of the above, The Praetorians covenanted and agreed with Fielder that it would not in any manner "proceed against the said D. B. Fielder, his heirs or legal representatives, for a deficiency judgment for the difference for which the aforesaid property may bring at said sale and the amount of the indebtedness now due by the said D. B. Fielder to The Praetorians, and hereby expressly waives its right to any deficiency judgment and agrees that it will not make any claim or demand for such regardless of the amount for which said property may be struck off at said sale." The Praetorians purchased the property at the foreclosure sale on its bid of $50,000, which left $27,136.53 of the original indebtedness. Fielder complied fully with his agreement, subsequently paid the $11,000 note, and the lien against the property described in the deed of trust was released.

The record fails to disclose that The Praetorians made any demand upon Simons until March 19, 1943, when it instituted the present suit for recovery of $3,000, amount of the six months rental installments remaining unpaid in June 1939, when Simons sold his garage business to Mrs. Schrum and was released by Fielder from all liability under the lease contract.

The defense urged by Simons to the action brought by The Praetorians will appear later during the discussion; and, in addition to the defenses urged, Simons interpleaded D. B. Fielder, alleging the facts in regard to sale of the property to Mrs. Schrum, Fielder's consent thereto and his release of Simons from all liability under the lease contract, and Fielder's new lease contract with Mrs. Schrum. Simons prayed that in the event judgment should be rendered against him in favor of The Praetorians, that he have judgment over against Fielder for like amount. After the pleadings were all in, the case was submitted on an agreed statement of the facts under the provisions of Rule 263, Texas Rules of Civil Procedure (formerly Article 2177, R.C.S.). On the facts, as agreed to by the parties, the court found in favor of Simons, adjudging that The Praetorians take nothing, that Simons take nothing on his cross-action against Fielder, and that all costs be taxed against The Praetorians. The Praetorians duly excepted and perfected an appeal.

In its findings of fact the court adopted paragraphs 1, 2, 3 and 5 of the agreed statement, which embody the facts substantially as set forth in our preliminary statement; but the court refused to adopt paragraph 4 of said statement, "because same relates to evidence which was excluded." Paragraph 4 recites that Fielder and the representative of The Praetorians handling the transaction, would, if such evidence be admissible and they were permitted to testify over defendant's (Simons) objection,

truly testify that by the execution of the agreement dated August 1, 1942, they did not intend to discharge the assignment of rentals theretofore made by Fielder to The Praetorians, but did intend that The Praetorians should collect from Simons rentals under the assignment in addition to the amounts paid and to be paid (by Fielder) under the agreement (of August 1, 1942) and apply same on its said indebtedness; but defendant Simons did not agree that such testimony was admissible, and objected to same on the ground that the agreement (of August 1, 1942) is unambiguous and that such evidene would vary the terms of same.

■ With reference to the question of evidence presented in paragraph 4 of the ·agreement, the trial court concluded that the written agreement between Fielder and The Praetorians of August 1, 1942, is clear, complete and unambiguous; therefore, evidence of the secret intention and purpose of the parties was inadmissible. The court further found that it was not the intention of The Praetorians and Fielder that any amount should be collected under the assignment of rentals and applied on the indebtedness owing by Fielder to The Praetorians, in addition to the amounts Fielder paid and agreed to pay under the agreement of August 1, 1942. The court also concluded that the agreement was a valid binding settlement between the parties that satisfied and extinguished the original indebtedness owing by Fielder to The Praetorians, upon the existence of which The Praetorians based its alleged cause of action against Simons; that the assignment of rentals by Fielder to The Praetorians on March 14, 1935, was not an absolute assignment, but given for the purpose simply of securing the original indebtedness owing by Fielder to The Praetorians, which indebtedness was extinguished by the agreement of August 1, 1942, as heretofore set out; and that the principal debt owing by Fielder to The ·Praetorians having been fully satisfied and extinguished, The Praetorians were not entitled to recover on the collateral assigned by Fielder. We adopt as our own the findings and conclusions of the trial court.

■ In several points of error appellant complains of the rulings of the court on special exceptions. The agreed statement of facts, in our opinion, brought the case under the provisions of Rule 263, Civil Procedure (formerly Article 2177, R.C.S.),

and invoked the decision of the court on the facts, irrespective of rulings on the pleadings. A similar situation was presented in Thaison v. Sanchez, 13 Tex.Civ. App. 73, 35 S.W. 478, with reference to which the court said: "The case was submitted to the district judge upon an agreed statement of facts made out and signed by counsel for the respective parties, and certified by the court to be correct. Under article 1293, Rev.St. 1895 (now Rule 263), this and the judgment constitute the record of the cause. We think that in such case, by reason of the statute, issues in regard to the pleadings are laid aside, and the only question is whether or not the judgment rendered was the proper one, upon the agreed facts. Therefore we need not consider the assignments Nos. 1 and 2, which refer to the overruling of demurrers to the petition." The rule announced in the Thaison case was approved by the Supreme Court in answering certified question in Scott v. Slaughter, 97 Tex. 244, 77 S.W. 949; and since has been followed in Harde v. Germania Life Ins. Co., Tex.Civ.App., 153 S.W. 666-669, in El Fresnal Irrigated Land Co. v. Bank of Washington, Tex.Civ. App., 182 S.W. 701, 703, and in Shamrock Oil & Gas Co. v. Williams, Tex.Civ.App., 63 S.W.2d 570, 572.

■ The case, in our opinion, turns on ·the decision of appellant's point of error No. 4 which, in substance, is that the court erred in its conclusion that the written agreement of August 1, 1942, between The Praetorians and Fielder, and the performance thereof by Fielder, constitute an accord and satisfaction that extinguished the original indebtedness owing by Fielder to The Praetorians, and precluded the latter from recovering on the collateral assigned as security for the original indebtedness owing by Fielder to The Praetorians.

This point is overruled, as we think the trial court decided the question correctly. The conclusion that the agreement of August 1, 1942, between Fielder and The Praetorians, was intended as a settlement and an extinguishment of the original indebtedness, in our opinion, is inescapable. Fielder agreed that he would not object to the foreclosure sale of the real estate involved, which was purchased by The Praetorians; also agreed to pay and did pay the two assessments levied by the City against the real estate, and, in addition, agreed to execute a note for $11,000 secured by trust deed on other real estate,

which was later paid by Fielder and the trust deed lien released; The Praetorians agreeing, as heretofore set out, that it would not "in any manner proceed against Fielder, his heirs or legal representatives for a deficiency judgment."

The facts, in our opinion, fully sustain the findings and conclusions of the trial court. The sale by Simons of his garage business to Mrs. Schrum was consented to by Fielder; he accepted Mrs. Schrum as tenant in lieu of Simons, and, in writing, released him from all liability under the lease contract. In July 1939, The Praetorians knew Simons ceased to pay the monthly rentals, and obviously knew or should have known of the change of tenants and of the new lease by Fielder to Mrs. Schrum; and with this knowledge was quiescent until the institution of the present suit in March 1943. These facts, we think, fully justified the court's findings and conclusions to the effect that it was not intended by either The Praetorians or Fielder that after their agreement of August 1, 1942, Simons should continue to pay monthly rentals under the lease contract, in that the agreement extinguished and released the original indebtedness, for the security of which the assignment of rentals was made. The fact, as recited in the second paragraph of the stipulations, that "The Praetorians had no notice or knowledge of such letter (meaning the written release) or any transaction pursuant thereto until after the filing of this suit on March 19, 1943", is in our opinion immaterial, as the precedent facts meant the same thing and spoke the same language. Besides, whether or not The Praetorians knew of the release of Simons by Fielder could have no bearing upon or lend cooler to the subsequent settlement had between Fielder and The Praetorians of August 1, 1942.

Although we look to the facts of each case in order to determine the intention of the parties, yet the trend of decisions is to construe an agreement not to sue to be a release. The following cases seem to be in point: Jenkins v. Southern Pac. Co., D.C. Cal., 1937, 17 F.Supp. 820; Hawber v. Raley et al., 92 Cal.App. 701, 268 P. 943; Rust v. Schlaitzer, 175 Wash. 331, 27 P.2d 571; Smith v. Roydhouse, Arey & Co., 244 Pa. 474, 90 A. 919; Lanasa v. Beggs, 159 Md. 311, 151 A. 21; Ransom v. Farish, 4 Cal. 386.

However, if it can correctly be said that the agreement not to sue, involved in the instant case, is technically not a release, nevertheless the doctrine is well established that, to avoid circuity of action, an agreement not to sue may be pled in bar of an action to which it relates. See 36 Tex.Jur. 799, Sec. 4; 45 Am.Jur. 676, Sec. 3.

Appellant also complains that the court erred in adjudging and taxing all costs against it, including the costs incurred in the cross-action by Simons against Fielder. As heretofore stated, the judgment was to the effect that appellant take nothing against appellee Simons, and that Simons take nothing against Fielder, hence we think the court erred in the respect mentioned; therefore, all costs incident to the cross-action against Fielder are taxed against appellee Simons, but the judgment below in other respects is affirmed.