### MINCHEN v. VERNOR'S GINGER ALE CO. OF HOUSTON, Inc.

#### No. 11838.

Court of Civil Appeals of Texas. Galveston.
Dec. 18, 1946.

Rehearing Denied Jan. 9, 1947.

Elledge & Elledge, of Houston, for appellant.

Franklin, Kelly & Fellbaum, of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellant, S. Minchen, for recovery of the sum of $1,250, alleged to be the balance due him by appellee, Vernor's Ginger Ale Company, a corporation, as rental for a store building in the City of Houston.

Appellee answered by general denial and by special pleas that portions of appellant's cause of action were barred by limitations and that the agreement sued on had been modified by an oral agreement reducing the rental from $150 to $100 per month for the balance of the term of said lease.

A jury found, in substance, in answer to special issues submitted, that on July 13, 1940, the parties had orally agreed to amend and modify the 5-year written agreement by reducing the monthly rental of said building from $150 per month to $100 per month; that appellee did not agree to do anything of material value outside of the payment of said rentals as an inducement for the modification of said lease contract; that on July 13, 1940, and on subsequent rental paying dates extending to March 30, 1944, appellee had each month tendered to appellant the sum of $100 as payment in full of the rental due for that month and that appellant had accepted such sums as payment for such periods.

Judgment was rendered in favor of appellee in accordance with the jury's verdict.

The controlling questions presented in the appeal are (1) Whether the oral agreement to reduce said rental constituted an accord and satisfaction, and (2) whether the consideration shown by the testimony was sufficient to support accord and satisfaction, and (3) whether the trial court erred in admitting evidence of an oral agreement to vary the terms of a contract in writing which was within the statute of frauds.

The record shows that appellee entered into a written agreement with appellant for the rental of a store building in the City of Houston for a period of five years from May 1, 1939, to April 30, 1944, at a monthly rental of $150 per month. On or before July 1, 1940, this rental contract was modified by an oral agreement reducing the rental from $150 to $100 per month, and appellant accepted payments of $100 per month as rental in full payment until the termination of the lease. This suit was filed February 4, 1946. It is undisputed that during 1940 appellee was in serious financial difficulties and that shortly prior to the date said rentals were reduced the president of appellee corporation informed appellant that it would be impossible for appellee to continue in business unless it cut every possible expense and that, on that occasion, appellant had stated to him that he did not want his property to be vacant and that he would like to have appellee continue to occupy it as his tenant at the reduced rental of $100 per month. After the rental on said building was reduced the company was re-organized; new capital was obtained and used for purchasing additional equipment and appellee's plant was converted into a bottling plant.

An agreement between two parties to give and accept something of value in satisfaction of a right of action which one has against the other constitutes an accord and the execution of this agreement is a satisfaction. The term accord and satisfaction, therefore, applies to the completed transaction and constitutes a bar to any action on the original contract. Buford v. Inge Construction Co., Tex.Civ.App., 279 S.W. 513.

An accord and satisfaction is considered a substituted contract complete within itself and it therefore must be based upon a consideration the same as any other contract. Courts are not concerned with

the adequacy of the consideration so long as it is paid and accepted as such, but where the full consideration is not paid and no additional consideration is shown, it has been consistently held by our courts that no accord and satisfaction results, (Turner v. Pugh, Tex.Civ.App., 187 S.W. 2d 598, and authorities there cited); however,. it has been uniformly held by the courts of this state that payment of the amount agreed upon as an accord before the date upon which the original indebtedness becomes due may constitute a valid consideration for an accord and satisfaction and that where the debtor is insolvent the acceptance of a smaller sum by the creditor may constitute a valid consideration for the new contract if such payment or insolvency were agreed upon and regarded by the parties as consideration for the new contract. Turner v. Pugh, Tex.Civ.App., 195 S.W.2d 374; Mayfield Woolen Mills Co. v. Long, Tex.Civ.App., 119 S.W. 908; Simms Oil Co. v. American Refining Co., Tex.Com.App., 288 S.W. 163.

In this case it is undisputed that there was an agreement between the parties to reduce the monthly rental on the leased premises for the remaining period of the written lease, and that the landlord accepted the reduced amount of rental payment for the term of the lease. This accord is evidenced by a confirmation letter to appellant from appellee in which he stated that the $100 rental payment would thereafter be made. The executed satisfaction in the case is, we think, evidenced by the cancelled monthly rental checks of $100, endorsed by the landlord, introduced in evidence, and found by the jury to have been accepted by the landlord in payment in full of the rental for the balance of the term of the written lease.

While the jury found that appellee did not agree to do anything of material value as an inducement for the modification of said lease contract in addition to the payment of the agreed rentals, it is undisputed in the record that prior to the alleged accord, appellant was apprised of the fact that appellee was in serious financial difficulties and that the president of appellee corporation told appellant that it would be absolutely impossible to continue the business unless every possible expense could be reduced, and that appellant had stated to him at that time that there was a note outstanding on the leased property that had to be met and that he would like to have appellee continue to rent the property because he did not want his property vacant.

■ The trial court declined to submit special issues requested by appellee concerning the agreement to reduce the rent, including issues as to whether the oral agreement induced appellee to remain in business on the leased premises and as to whether or not reducing the rental induced appellee to remain on the premises and as to whether or not appellee was insolvent at the time the reduction was made. The evidence, we think, was sufficient to sustain a presumptive finding in support of the judgment rendered and since the question as to whether or not there was an adequate consideration to support the oral agreement to reduce the rental was one of the constituent elements of the satisfaction relied upon by appellee as a defense, the trial court was justified in and was presumed to have found an issue in support of the judgment rendered. Rule 279, Texas Rules of Civil Procedure.

Appellee contends that the oral contract modifying the written lease contract had been fully performed by all parties thereto and that it was not within the Statute of Frauds.

■ The general rule applicable to the modification of contracts within the Statute of Frauds is that such contracts cannot be modified by subsequent parol agreements between the parties. Vernon's Ann.Civil Statutes, Article 3995, subd. 4. However, an exception to the rule exists where the party relying on the oral agreement has performed his undertaking thereunder so that a refusal to enforce the modified agreement would result in wrong to him. Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216; Lechenger v. Merchants' Nat. Bank, Tex.Civ.App., 96 S.W. 638; Adams v. Hughes, Tex.Civ. App., 140 S.W. 1163.

■ While the written lease contract between the parties in this case was unquestionably within the Statute, the evi-

dence in the record, we think, warranted and the trial court is presumed to have found in support of the judgment rendered, under said Rule 279, Texas Rules of Civil Procedure, that a failure to enforce the oral agreement between the parties for the reduction of rentals because the agreement was not in writing, would operate as a fraud and a wrong upon appellee, since the record shows that it had been agreed to by the parties, that it was based on an adequate consideration, and that it had been fully performed by the parties.

It follows from above conclusions that the judgment of the trial court must be in all things affirmed.

Affirmed.