McCRELESS SHOPPING VILLAGE, INC., Appellant,

v.

Dr. Kenneth G. BURTON, Appellee.

No. 13839.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 20, 1961.

Rehearing Denied Jan. 10, 1962.

Boyle, Wheeler, Gresham, Davis & Gregory, A. W. Worthy, San Antonio, for appellant.

Roger W. Wooldridge, San Antonio, for appellee.

MURRAY, Chief Justice.

McCreless Shopping Village, Inc., brought this suit against Dr. Kenneth G. Burton, seeking to recover $2,500.00, together with interest and attorney's fees, based on a written two-year lease contract dated May 2, 1955. Dr. Burton relied upon an alleged new agreement cancelling this debt.

The trial was to a jury, and the jury found (1) that the parties mutually agreed orally that the $2,500.00 obligation was canceled; (2) that Dr. Burton did not agree to do something of material value and benefit for the plaintiff as an inducement for the cancellation; (3) that Dr. Burton remained in the Medical Center throughout the remainder of the lease in reliance on the agreement, and (4) that Dr. Burton was insolvent at the time the oral agreement was made. The trial court entered judgment for Dr. Burton on the verdict of the jury and McCreless Shopping Village, Inc., has prosecuted this appeal.

Appellant's first contention is in effect that the alleged oral agreement was void because in violation of Subd. 4 of Art. 3995, Vernon's Ann.Civ.Stats., providing as follows:

"Art. 3995. Writing required

· "No action shall be brought in any court in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized: * * *

"4. Upon any contract for the sale of real estate or the lease thereof for a longer term than one year; * * *."

■ It is undisputed that this oral agreement undertook to change a written contract for the lease of real estate for a term of two years. The rule governing this situation is well stated in Minchen v. Vernor's Ginger Ale Co. of Houston, Inc., Tex.Civ.App., 198 S.W.2d 613, 615, as follows:

"The general rule applicable to the modification of contracts within the Statute of Frauds is that such contracts cannot be modified by subsequent parol agreements between the parties. Vernon's Ann.Civil Statutes, Article 3995, subd. 4. However, an exception to the rule exists where the party relying on the oral agreement has performed his undertaking thereunder so that a refusal to enforce the modified agreement would result in wrong to him. Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216; Lechenger v. Merchants' Nat. Bank, Tex.Civ.App., 96 S.W. 638; Adams v. Hughes, Tex. Civ.App., 140 S.W. 1163."

There can be no question as to the fact that the original lease was in writing and met all the requirements of Subd. 4, Art. 3995, supra, and the only question is, "Was the alleged oral agreement valid as an exception to the general rule that such contracts cannot be modified by a parol agreement?

■■ It might be well to here make a rather full statement of the facts in this case. Appellant and appellee entered into a written lease whereby appellee leased from appellant a portion of a medical center owned by appellant, for a period of two years, with option of renewal for another two years. Appellee agreed to pay a stipu-

lated monthly rental for the use of this portion of the medical center and, in addition thereto, further agreed as follows:

"All interior partitions, utility outlets and plumbing, or other additions or alterations identified on the plans, 'Exhibit A', and marked or referred to as 'Tenant', are to be installed by Lessor at the expense of and for the account of Lessee at a cost to Lessee of the agreed sum of $2,500.00, to be paid by Lessee monthly in addition to the other rentals provided for herein, all as hereinafter provided for."

In other parts of the lease it was agreed that this $2,500.00 was to be paid by appellee to appellant at the rate of $100.00 per month beginning August 1, 1955. Appellee occupied the premises for more than four years, but never paid the $100.00 per month on the $2,500.00 indebtedness.

Appellee contends that in July, 1955, before these payments were to start in August, 1955, he told T. S. McCreless, president of appellant, that he could not and would not pay the $2,500.00; that McCreless had leased space in the medical center to two other physicians in violation of his promise to appellee not to do so; that appellee had leased space sufficient for two doctors and had planned to take another doctor in with him, but would not be able to do so now that there were two other physicians in the building; that he was insolvent and owed the bank $10,000.00; that he would be forced to move out and take bankruptcy or something if McCreless insisted upon his paying the $2,500.00; whereupon McCreless agreed with him orally that the $2,500.00 would be forgotten. Thereafter appellee met his other payments and stayed in the medical center for more than four years. The jury found the oral agreement was made, but that appellee did not agree to do something of material value as an inducement for the cancellation of the debt. This raised the question of want of consideration for the oral agreement of cancellation. The jury was not asked if appellee agreed to refrain from the doing of something of a material value as an inducement for the cancellation. We must presume that the trial court in rendering judgment for appellee found that there was consideration for the oral agreement of cancellation. The evidence would support an implied finding that as a consideration for such oral agreement appellee agreed not to move out of the medical center, and not to take bankruptcy. This would be a sufficient consideration. Rule 279, Texas Rules of Civil Procedure; Pugh v. Turner, 145 Tex. 292, 197 S.W.2d 822, 172 A.L.R. 707.

It now appears that appellee lived up to his part of the agreement; he did not move out, did not take bankruptcy, and continued to stay on and keep his rent paid in the new amount agreed upon. He has completed his part of the agreement, and it is too late for appellant to repudiate the oral agreement and for the first time demand that the $2,500.00 be paid with interest and attorney's fees.

Minchen v. Vernor's Ginger Ale Co. of Houston, Inc., supra, is on all fours with this case, and for the reasons given therein, and upon the authorities there cited, we affirm the judgment of the trial court.