**Hilliard GONZALES et al., Appellants,**

**v.**

**FARMERS INSURANCE EXCHANGE,
Appellee.**

**No. 4016.**

Court of Civil Appeals of Texas.

Eastland.

Dec. 17, 1965.

Rehearing Denied Feb. 4, 1966.

Everett & Brasseaux, Houston, Charles B. Everett, Houston, for appellants.

Baker, Botts, Shepherd & Coates, Houston, William C. Bullard, Houston, for appellee.

WALTER, Justice.

Hilliard Gonzales and Noe Mata filed suit against Farmers Insurance Exchange for benefits under a family automobile policy written for Ramon Gonzales, the father of Hilliard. The case was tried before the court without a jury. The court rendered a judgment that the plaintiffs take nothing. They have appealed.

Appellants contend the court erred in refusing to award them a judgment because they proved they were entitled to recover under the policy and the insurance company "failed to plead and prove any exclusion denying coverage * * *."

The facts were stipulated and are substantially as follows:

The insurance company issued a Texas Standard Family automobile policy to Ramon Gonzales covering a 1961 Dart with bodily injury, property damage, and $2,000.00 medical payment coverage. The policy also covered a 1949 Pontiac with bodily injury and property damage coverage only, no medical payment coverage. During the policy period the 1949 Pontiac was exchanged for a 1954 Olds. by the named·insured. The appellants were passengers in the 1954 Olds. during the policy period, when it was involved in a collision and they were injured and received medical treatment. Hilliard Gonzales was the son of Ramon Gonzales and a resident of his household. Noe Mata was neither a relative nor a member of Ramon's household. The policy was introduced in evi-

dence by stipulation. The pertinent parts of the policy are as follows:

## "PART II—EXPENSE FOR MEDICAL SERVICES

Coverage C—Medical Payments. To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', caused by accident, while occupying or through being struck by an automobile.

Division 2. To or for any other person who sustains bodily injury, caused by accident, while occupying (a) the owned automobile, while being used by the named insured, by any resident of the same household or by any other person with the permission of the named insured; or (b) a non-owned automobile, if the bodily injury results from (1) its operation or occupancy by the named insured or its operation on his behalf by his private chauffeur or domestic servant or (2) its operation or occupancy by a relative and it is a private passenger automobile or trailer not regularly furnished for the use of such relative.

Definitions. The definitions under Part I apply to Part II, and under Part II:
'occupying' means in or upon or entering into or alighting from; 'an automobile' includes a trailer of any type."

" 'owned automobile' means (a) a private passenger, farm or utility automobile described in the policy, (b) a trailer owned by the named insured, (c) a private passenger, farm or utility automobile ownership of any of which is acquired by the named insured during the policy period, provided (1) it replaces a described automobile, * *."

"When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each * * *".

"Exclusions. This policy does not apply under Part II to bodily injury: (a) sustained while occupying (1) an owned automobile while used as a public or livery conveyance, or (2) any vehicle while located for use as a residence or premises; (b) sustained by the named insured or a relative (1) while occupying an automobile owned by or furnished for the regular use of either the named or any relative, other than an automobile defined herein as an 'owned automobile' * *."

The insurance company filed only a general denial. It did not plead any exclusion of the policy which would deny appellants a recovery. The appellants say, therefore, that the insurance company can not rely upon any exclusion in the policy because it failed to comply with Rule 94, Texas Rules of Civil Procedure, by pleading the exclusion.

Appellee contends that the appellants have waived any issue of pleadings by agreeing to submit the case to the court on an agreed statement of facts. The insurance company also contends that the issues were tried by implied consent under Rule 67 of T.R.C.P.

In Patton v. Wilson, Tex.Civ.App., 220 S.W.2d 184, (writ ref. n. r. e.), the court said:

"Appellant contends that we cannot here consider the question of want of consideration or lack of mutuality, because same was not affirmatively pleaded by appellee. We overrule this contention. It will be recalled that this case was submitted to the trial

court upon agreed statement of facts, as is provided for by Rule 263 of Texas Rules of Civil Procedure. When a case is submitted to a trial court upon agreed statement of facts all issues with regard to pleadings are immaterial. The Praetorians v. Simons, Tex.Civ.App., 187 S.W.2d 238; Abilene Hotel Corp. v. Gill, Tex.Civ.App., 187 S.W.2d 708; * * *.''

■ The appellants rely on Southwestern Fire and Casualty Company v. Atkins, Tex.Civ.App., 346 S.W.2d 892 (no writ history). The question presented and decided in Atkins was the limits of coverage rather than the question of coverage. The question we are concerned with in this case is whether the appellants, passengers in the 1954 Olds. have coverage for expenses for medical services.

The record shows conclusively that the named insured did not apply for medical payment coverage on the Pontiac or the Olds.; that he was not charged a premium nor did he pay a premium for such coverage, and there was no intention on the part of the named insured to obtain such coverage nor on the part of the insurance company to furnish such coverage.

Under the "two or more automobiles" provision of the policy, we are compelled to view the policy as a separate policy on the 1961 Dart and a separate policy on the 1954 Olds. Appellants cannot recover under the Dart policy because the car in which they were injured is not described in the Dart policy. When we consider their claim under the policy on the 1954 Olds., we find no coverage for medical payments.

We have considered all of appellants' points and find no merit in them. They are overruled. The judgment is affirmed.

ON MOTION FOR REHEARING

In further support of our holding that issues with regard to pleadings become immaterial when a case is tried upon an agreed statement of facts, we quote from Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562 (Supreme Court):

"The above rules, we think, make it clear that even though the defendant wholly fails to file any answer whatever, yet if the parties appear and try the case on certain issues without any objection on the part of the plaintiff to the failure of the defendant to file an answer, the plaintiff cannot raise the issue of insufficiency of the defendant's pleadings for the first time on appeal."

The motion for rehearing is overruled.