George J. CESHKER, Appellant,

v.

BANKERS COMMERCIAL LIFE INSURANCE COMPANY, Appellee.

No. 1052.

Court of Civil Appeals of Texas, Tyler.

Nov. 3, 1977.

John O. MacAyeal, Dallas, for appellant.

Oscar H. Mauzy, Mullinax, Wells, Mauzy & Baab, Inc., Dallas, for appellee.

McKAY, Justice.

George J. Ceshker initiated this action against Bankers Commercial Life Insurance Company to recover damages allegedly incurred as the result of his reliance on Banker's alleged deceptive advertising. The trial court granted the insurance company's motion for summary judgment. Ceshker appeals.

On or about April 20, 1975, appellee circulated an advertisement as a supplement to the Fort Worth Star-Telegram announcing a Medicare Companion Service Policy. The advertisement also contained a detachable application for said policy. Ceshker alleges that this advertisement was deceptive. On or about May 11, 1975, appellee placed another advertisement in the same newspaper announcing a Hospital Cash Income Policy. As with the first advertisement, the May 11th ad contained a detachable application for the advertised policy. It is undisputed that the advertisements and applications differed in general appearance, color and content. On May 23, 1975, appellee received a completed application from appellant for the May 11th hospital policy and issued such a policy to appellant effective June 1, 1975. Appellant paid the premiums on said policy for five months thereafter.

In September, 1975, appellee received a claim form for medical treatment received by appellant. It is undisputed that the claim was not covered by the policy issued. Appellant alleged he relied on the April 20th advertisement in sending the application attached to the May 11th advertisement. Appellant admitted that he did not pay attention to the form, color or content of the two ads, nor did he read either of the ads other than for the bold-faced type in the May 20th ad.

Appellant brought his suit under Tex.Ins. Code Ann. art. 2121, sec. 16(a), V.T.C.A., for deceptive advertising in violation of Tex. Ins.Code Ann. art. 21.21, sec. 3, 4(1) & (2) and Tex.Bus. & Comm.Code Ann., sec. 17.46, V.T.C.A., asking for treble damages, court costs, and attorney's fees pursuant to Tex. Ins.Code Ann. art. 21.21, sec. 16(b)(1), and a permanent injunction preventing further advertisements pursuant to Tex.Ins.Code Ann. art. 21.21, sec. 16(b)(2).

Appellee Bankers' Commercial Life in its motion for summary judgment alleged that there is no dispute as to the facts regarding appellant's application for and issuance of the insurance policy, that there was no genuine issue of material fact, and that there is no individual cause of action for unfair and deceptive trade practices in the field of insurance in Texas under Tex.Ins.Code Ann. art. 21.21, sec. 16(a).

Ceshker's single point of error asserts that the pleadings, admissions and exhibits raise a fact issue of whether or not the April 20, 1975, advertisement was deceptive, and insurance is not, as a matter of law, excluded from deceptive trade practices. We disagree.

Appellant has no standing to bring a cause of action under Tex.Ins.Code Ann. art. 21.21, sec. 16(a). That statute states:

"Sec. 16. Relief Available to Injured Parties.—(a) Any *person* who has been injured by another's engaging in any of the practices declared in Section 4 of this Article or in rules or regulations lawfully adopted by the Board [of Insurance] under this Article to be unfair methods of competition and unfair and deceptive acts or practices in the business of insurance or in any practice defined by Section 17.-46 of the Business and Commerce Code, as amended, as an unlawful deceptive trade practice may maintain an action against the company or companies engaging in such acts or practices." [Emphasis added.]

Section 2 of the same article states in pertinent part:

"When used in this Act: (a) '*Person*' shall mean any individual, corporation, association, partnership, . . . and any other legal entity *engaged in the business of insurance* . . . ." [Emphasis added.]

■ Art. 21.21 does not confer a private cause of action upon individuals for any alleged unfair practices. *Russell v. Hartford Casualty Insurance Co.*, 548 S.W.2d 737, 742 (Tex.Civ.App.—Austin 1977, writ ref'd n. r. e.). One must be "engaged in the business of insurance" to bring suit under art. 21.21, Tex.Ins.Code Ann. Appellant is not, nor does he claim to be, one "engaged in the business of insurance." Therefore, appellant stated no cause of action against appellee under Tex.Ins.Code Ann., art. 21.-21.

■ However, appellant also claims that summary judgment is improper because there was summary judgment proof which would create a fact issue on damages and recovery if appellant's cause were plead under the Deceptive Trade Practices-Consumer Protection Act, Tex.Bus. & Comm. Code Ann., sec. 17.50. When summary judgment evidence discloses facts which render the position of the moving party untenable, summary judgment should be denied regardless of defects which may exist in the pleadings of the opposite party. *Insurance Company of North America v. Cash*, 475 S.W.2d 912, 913 (Tex.1971);

*Womack v. Allstate Insurance Company*, 156 Tex. 467, 296 S.W.2d 233, 237 (1956). In his brief appellee recognizes that appellant, if he had so plead, may have had a cause of action under Tex.Bus. & Comm.Code Ann., sec. 17.50. Therefore, summary judgment based solely on the defective pleadings of appellant would be improper. However, the point is not dispositive of the case before us. Assuming that appellant might have properly plead his cause of action, we must then decide whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970); Rule 166–A(c), T.R.C.P.

■ A consumer may maintain an action if he has been "adversely affected by" the use or employment by any person of an act or practice (1) declared to be unlawful by sec. 17.46, Tex.Bus. & Comm.Code Ann. (1977), or (2) in violation of Art. 21.21, Tex. Ins.Code Ann. Tex.Bus. & Comm.Code Ann., sec. 17.50(a) (1973).

■ It is undisputed (1) that appellant applied for the May 11th policy, (2) that the two advertisements differed in color, size and content, and (3) that the May 11th policy did not cover appellant's claim. Based on the facts of this case, any alleged deceptive trade practice could not have "adversely affected" appellant, as a matter of law. A consumer may not bring an action based on an alleged misrepresentation of an insurance policy which he never bought. Hence, appellant cannot be "adversely affected" as required by sec. 17.50, Tex.Bus. & Comm.Code Ann.

We find appellant's contention of failure of consideration to be totally without merit.

Accordingly, as we view the entire record, there is no genuine issue as to any material fact and appellee is entitled to judgment as a matter of law. Rule 166–A(c), T.R.C.P.

The judgment of the trial court is affirmed.