Edward T. DICKER et al., Appellants,

v.

**LOMAS & NETTLETON FINANCIAL CORPORATION, Appellee.**

No. 8601.

Court of Civil Appeals of Texas, Texarkana.

Dec. 29, 1978.

Rehearing Denied Jan. 30, 1979.

filed with the papers as part of the record, *or unless it be made in open court and entered of record.*" (emphasis added)

◼◼◼◼◼◼◼◼◼◼◼◼◼◼

Steven F. Bright, Jones, Graham & Bright, Dallas, for appellants.

Bill C. Hunter, Allan D. Hilton, Hunter, Stewart, Salzberger & Vineyard, Dallas, for appellee.

HUTCHINSON, Justice.

Appellants Patrick B. Kirkland and Judy A. Kirkland and appellants Edward T. Dicker and Nanette S. Dicker complain of the granting of appellee's Lomas & Nettleton Financial Corporation, motion for summary judgment awarding recovery on a written guaranty agreement and denying recovery on a counterclaim filed by Dicker.

On April 15, 1974, Mid Southern Properties, Inc. executed its promissory note payable to the order of appellee in the principal sum of $470,000.00, bearing interest at the rate of 2½% in excess of the greater of the First National Bank in Dallas prime rate or the 90-day dealer commercial paper rate. This note was payable on October 15, 1974, and was secured by a deed of trust upon certain realty located in Dallas County, Texas. The guaranty executed by Dicker and Kirkland on April 15, 1974, provided in part:

"This is a continuing guaranty, and shall apply to and cover all indebtedness and renewals thereof above mentioned or described. The Guarantors, or one or more of them, may give to the Creditor written notice that the Guarantor or Guarantors giving such notice will not be liable hereunder for any indebtedness created, incurred or arising after the giving of such notice; . . . The notice above provided for shall not be considered as given until actually received and acknowledged in writing by an officer of said Creditor. . . ."

On October 16, 1974, Mid Southern Properties, Inc. and appellee entered into an agreement extending the maturity date of the note to April 15, 1975, and increasing the interest rate to 5% in excess of the greater of the prime interest rate of First National Bank in Dallas or the 90-day dealer commercial rate, but in no event greater than the maximum rate of interest permitted by applicable law. Mid Southern Properties, Inc. defaulted and the deed of trust was foreclosed and the property securing the note was acquired by appellee at the foreclosure sale. After crediting the proceeds of the foreclosure sale, the sum of $174,492.17 remained due.

This suit was instituted by appellee against Mid Southern Properties, Inc. and the guarantors, including Dicker and Kirkland, to recover the deficiency, interest and attorney fees. In response Dicker filed an

answer and counterclaim and Kirkland filed an answer. Thereafter, appellee filed its motions for summary judgment upon its original action and the counterclaim of Dicker. Upon hearing the motions were granted and judgment entered for appellee against all defendants, jointly and severally, for $174,492.17, plus interest thereon in the amount of $42,650.47 as of December 15, 1976, plus per diem interest of $85.8159, plus attorney fees of 10% of the unpaid balance of the principal and interest as of the time of the satisfaction of the judgment. Dicker and Kirkland have perfected appeals.

█ Appellee pled a cause of action under the Guaranty Agreement against Dicker and Kirkland and supported the same sufficiently in its motion for summary judgment. Its right to a summary judgment therefore depends upon whether or not Dicker and/or Kirkland by their responses presented evidence raising a fact issue on the elements necessary to establish an affirmative defense. *Seale v. Nichols*, 505 S.W.2d 251 (Tex.1974); *Gulf, Colorado & Santa Fe Railway Co. v. McBride*, 159 Tex. 442, 322 S.W.2d 492 (1959). In reviewing summary judgment proofs, the affidavits in opposition thereto should be accepted as true and every reasonable inference therefrom should be in favor of the contentions of the appellants. *Hudnall v. Tyler Bank and Trust Company*, 458 S.W.2d 183 (Tex.1970); *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929 (1952). In other words, the evidence must be viewed in the light most favorable to the party opposing the motion and the evidence which tends to support the position of the party opposing the motion should be accepted as true. *Great American Reserve Insurance Company v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41 (Tex.1965), and all doubts as to the existence of a genuine issue as to a material fact should be resolved against the movant. *Tigner v. First National Bank of Angleton*, 153 Tex. 69, 264 S.W.2d 85 (1954); *Gulbenkian v. Penn*, supra.

█ Kirklands here assert the trial court erred in rendering a summary judg-

ment against them on the ground that they by the affidavit of Mr. Kirkland presented an affirmative defense. This affidavit states in part:

". . . I was advised continually by Mr. Talkington that because I was attempting to find a buyer for the property or arrange such additional financing, Lomas & Nettleton would not file a suit against my wife or me for a claimed deficiency or otherwise pursue my wife or me for a claimed deficiency upon the note executed by Mid Southern Properties, Inc. . . ."

In addition, Kirkland averred that he acted in reliance upon the promise of Lomas & Nettleton by actively seeking a buyer for the property, investing his time and money in the search and actually finding a buyer (who defaulted). Kirkland contends that this alleged agreement with appellee constitutes a defense based upon an oral contract to release, oral release, waiver and/or promissory estoppel.

The affidavit of Kirkland raises a fact question as to whether or not he was orally released from his guaranty agreement. An agreement not to sue can be construed as a release and may be properly pled as a defense. *The Praetorians v. Simons*, 187 S.W.2d 238 (Tex.Civ.App. Dallas 1945, no writ); 76 C.J.S. Release § 44, p. 675. For summary judgment purposes the affidavit is deemed sufficient to raise a fact question as to whether or not the parties' agreement and subsequent conduct thereunder was sufficient to prevent the operation of the Statute of Frauds. *Minchen v. Vernor's Ginger Ale Co. of Houston*, 198 S.W.2d 613 (Tex.Civ.App. Galveston 1947, no writ); *McCreless Shopping Village, Inc. v. Burton*, 352 S.W.2d 802 (Tex.Civ.App. Fort Worth 1962, writ ref'd n. r. e.); *Grayson Enterprises, Inc. v. Texas Key Broadcasters, Inc.*, 390 S.W.2d 346 (Tex.Civ.App. Eastland 1965, writ dism'd); Restatement (Second) of Contracts, Sec. 222 (1973); 2 Corbin on Contracts, Sec. 302, pp. 93–94 (1950).

Therefore, the judgment against the Kirklands is reversed and the cause remanded to the trial court.

■ Appellee has also plead a cause of action under the guaranty agreement against the Dickers and has sufficiently supported the same in its motion for summary judgment. The Dickers by the pleadings and Mr. Dicker's affidavit set forth as an affirmative defense that the guaranty agreement had been effectively revoked prior to the extension and renewal of the note of Mid Southern Properties, Inc. and that the renewal of the note substantially increasing the interest rate released and discharged them from any liability on the indebtedness. There is no contention that the Dickers complied with the terms of the guaranty by giving "written notice" that they would no longer guarantee payment of loans made after such notice. However, this provision of the guaranty is not here relied upon by appellee as a written revocation would be effective only as to loans made subsequent to such notice and not to a renewal of an existing loan. The guaranty expressly covers extensions and renewals [1] and the guarantor is bound by all obligations arising within the scope of the guaranty agreement. *Blount v. Westinghouse Credit Corporation*, 432 S.W.2d 549 (Tex. Civ.App. Dallas 1968, no writ). A change in the rate of interest by the renewal note does not discharge a guarantor on a continuing guaranty. *First National Bank v. International Sheep Co.*, 29 S.W.2d 513 (Tex. Civ.App. El Paso 1930, writ ref'd).

Dicker did not plead nor offer any evidence that the amount of attorney fees provided for in the note was unreasonable. The unreasonableness of an award of attorney's fees is an affirmative defense that must be pled and proved. *International Shelters, Inc. v. Corpus Christi State National Bank*, 475 S.W.2d 334 (Tex.Civ.App. Corpus Christi 1971, no writ).

The judgment against the Dickers on the note for principal, interest and attorney fees is affirmed.

■ We now consider Dicker's point that the trial court erred in granting summary judgment denying the counterclaim based upon alleged violations of Section 17.-46 or Section 17.50, Tex.Bus. & Comm.Code Ann., or Article 5069–1.01, et seq., Tex.Rev. Civ.Stat.Ann., without first affording an opportunity to amend. Appellee had filed no special exceptions to the allegations of the counterclaim which would have given Dicker an opportunity to amend to state a cause of action and in such cases it has been held that the granting of a summary judgment on the pleadings alone is error. *Texas Department of Corrections v. Herring*, 513 S.W.2d 6 (Tex.1974); *Trucker's, Inc. v. South Texas Construction Company*, 561 S.W.2d 855 (Tex.Civ.App. Corpus Christi 1977, no writ). A summary judgment based solely upon the pleadings of the complaining party is improper unless such party fails or refuses to amend his pleadings to state a cause of action or pleads facts which affirmatively negate his cause of action. *Trucker's, Inc. v. South Texas Construction Company*, supra; *Ceshker v. Bankers Commercial Life Ins. Co.*, 558 S.W.2d 102 (Tex. Civ.App. Tyler 1977, writ ref'd n. r. e. ).

The allegations of the counterclaim are that appellee violated the usury laws by requiring the appellants to form a corporation in order that a higher rate of interest might be charged and that appellee's failure to provide permanent financing constituted a false, misleading, fraudulent and deceptive trade practice.

The summary judgment was properly granted as to that portion of the counterclaim alleging an illegal rate of interest. A lender may lawfully require, as a condition to the making of a loan, that the loan be made to a corporation rather than to an individual borrower, and such a condition does not, in itself, make the transaction usurious even though the purpose of the requirement is to permit the lender to charge a higher rate of interest. *Houston Furniture, Etc. v. Bank of Woodlake*, 562 S.W.2d 880 (Tex.Civ.App. Houston-1st Dist. 1978, no writ); *American Century Mort-*

---

1. "This is a continuing guaranty, and shall apply to and cover all indebtedness and renewals thereof. . . ."

*gage Investors v. Regional Center, Ltd.,* 529 S.W.2d 578, 582 (Tex.Civ.App. Dallas 1975, writ ref'd n. r. e.).

Dicker also fails to state a cause of action for fraud under Tex.Bus. & Comm.Code Sec. 17.46, et seq. However, the supporting affidavit does aver facts sufficient to state a cause of action for breach of contract and it cannot be said that Dicker pled facts which affirmatively negate this cause of action. Had Dicker been allowed to amend his counterclaim to plead a cause of action for breach of contract, the summary judgment would have been avoided. The summary judgment as to the Dickers' counterclaim is remanded for further determination on the merits.

The judgment against Kirkland is reversed and remanded; the judgment against Dicker is affirmed, and the judgment for appellee on the Dicker counterclaim is reversed and remanded.