HARVEY E. HALE V. ALLSTATE INSURANCE COMPANY

No. A-7930. Decided March 8, 1961
Rehearing overruled April 5, 1961
(344 S. W. 2d Series 430)

*John F. Harrison, Harlan Harper, Jr.,* of Dallas, for appellant.

*Strasburger, Price, Kelton, Miller & Martin and Royal H. Brin, Jr.,* of Dallas.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

This case comes to us on a certified question from the Court of Civil Appeals at Dallas.

The material facts are as follows: On May 10, 1957, Allstate issued to Hale a policy of insurance for a period of one year which policy provided inter alia for medical payment coverage in the amount of $2,000.00. At the time Hale was the owner of a 1951 Mercury automobile which is described in the policy. This policy will be referred to hereinafter as the Mercury policy. The original Mercury policy contained these provisions:

"SUB-PART A.

"Coverage C1—Medical Payments—Automobile. To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, x-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

"Division One. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury' caused by accident, while occupying or through being struck by an automobile; * * *

"Exclusions: This policy does not apply under this Sub-Part A to bodily injury: * * * (b) sustained by the named insured or a relative (1) while occupying an automobile owned by the named insured or any relative, other than an owned automobile, * * *."

In Endorsement No. 222, attached to the policy, "owned automobile" is defined as follows: " 'Owned Automobile' means * * * (c) a private passenger or utility automobile * * * ownership of any of which is acquired by the named insured during the policy period, provided * * * (2) the company insures all private passenger or utility automobiles * * * owned by the named insured on the date of such acquisition and the named insured notifies the company within 30 days following such date; * * *."

Until September 18, 1957, Hale owned no other vehicle than the 1951 Mercury, but on said date he purchased a 1957 Ford half ton pick-up truck. He imediately notified Allstate of his purchase of the truck and was issued a second policy covering a period of a year, in which policy the 1957 Ford truck is described. This second policy did not provide medical payment coverage.

At the time Hale bought the Ford truck Endorsement No. 214 was added to Allstate's Mercury policy. This endorsement contained this provision:

"214. EXCLUSION OF SPECIFIED AUTOMOBILE.

"Except with respect to bodily injury under Coverage C1-Medical Payments—Automobile, resulting from the named insured or any relative thereof being struck by an automobile if such coverage is afforded, it is agreed that the policy does not apply to the automobile described below or any automobile acquired as a replacement thereof."

The "automobile described below" is the 1957 Ford half ton pick-up truck acquired by Hale on September 18, 1957.

It is undisputed that on September 18, 1957, and at all times subsequent thereto, Allstate insured all motor vehicles (two in number) owned by Hale.

On October 15, 1957, while Hale, his wife and children were riding in the 1957 Ford truck in Dallas County, Texas, they sustained injuries in a collision between the Ford truck and an automobile being driven by one James Robert Hulse. In connection with their injuries reasonable and necessary doctor's, hospital, and drug expenses were incurred in the amount of $933.50.

It is conceded that Hale took all necessary steps properly to present his claim to Allstate. Allstate then and now denies liability.

The case was tried on stipulated facts before the trial court without a jury and judgment rendered that Hale take nothing. On appeal, the Court of Civil Appeals reversed and rendered judgment for Hale in the sum of $933.50—the medical expenses sued for, plus interest and costs. After motion for rehearing was filed by Allstate, the Court of Civil Appeals certified to us the question: "Did Endorsement 214 preserve or exclude medical payments coverage under the policy on the Mercury automobile for injuries sustained by the insured and his family while occupying the Ford truck when it was in a collision with the automobile of a third person?"

Appellee says that since the Mercury policy provided cover-

age for injuries sustained by the named insured and each relative "while occupying", or "through being struck by an automobile"; and since Endorsement No. 214 excludes the Ford pickup from the benefits of the Mercury policy "except with respect to bodily injury * * * resulting from * * * being struck by an automobile"; and since appellant and his family were riding in the Ford pickup at the time of the collision, they were occupying the Ford and were not covered by Endorsement No. 214. Therefore, appellee reasons that recovery cannot be had for the injuries suffered. Appellee contends that "occupying an automobile" and "being struck by an automobile" are two separate and mutually exclusive coverages provided by the Mercury policy, and since coverage for injuries received "while occupying" an automobile was excepted from the language of Endorsement No. 214, no recovery can be had herein for the reason no coverage for injuries received while "occupying" the Ford pick-up is provided under the Mercury policy as modified by Endorsement No. 214. Appellee also contends that no recovery can be had under the coverage for "being struck by an automobile" because the appellant and his family were not in physical contact with the other automobile involved in the collision. The stipulation recites only that appellant and his famiy "were riding in and occupying the Ford pickup when it was struck by an automobie being driven by James Robert Hulse."

Injuries received while "occupying" an automobile would include injuries received in what is generally known as "one car wreck," such as a collision with any kind of stationary object, such as a bridge abutment; a parked automobile, a utility pole; a train (moving or stationary), or a car or cars thereof; loss of control of the automobile resulting in its overturning, or the occupant being thrown clear of his automobile, etc., etc., as well as collisions between two automobiles. To construe the words "while occupying an automobile", as appellee contends, would limit "being struck by an automobile" to only those cases where injury is received by an insured while outside an automobile and when the striking automobile or object comes in physical contract with the person of insured. To construe "being struck by an automobile" as covering those collisions when two automobiles run together is to give consistent construction to the two phrases. The provision in the Mercury policy for payment for injuries while "occupying" an automobile is not one  excluding this means of injury from the coverage afforded but is a positive coverage giving right to a recovery.

Nowhere in the policy or in the Endorsement is coverage excluded solely by virtue of the "occupancy" of an automobile. The policy exclusions apply only to certain kinds of types of automobiles, or other vehicles while occupied. It is not the "occupying" which is excluded, but the *type* of automobile, or other vehicle involved in the accident, whereby the injury is suffered. Nowhere in Endorsement No. 214 is there specific language excluding liability by virtue of "occupancy". Appellee does not contend to the contrary, but contends that since the Endorsement named "being struck by an automobile," liability is excluded by virtue of "occupancy". Clearly, without Endorsement No. 214, "occupancy injuries" would be covered under the Mercury policy unless the injuries were the result of the occupancy of certain *kinds* or *types* of automobiles or other vehicles, as for example, farm vehicles, trains, crawler type vehicles, public conveyances, trailers, etc., etc.

■ We hold that the coverage in the Mercury policy for injuries received "while occupying an automobile" and for injuries received from "being struck by an automobile" are not mutually exclusive, but are overlapipng coverages; therefore, when Endorsement No. 214 failed to mention coverage while occupying an automobile, it did not exclude coverage due to an injury to a person occupying an automobile which automobile was struck by another automobile as a result of a collision, and we must therefore decide what meaning shall be given to the phrase, "being struck by an automobile."·

■ Appellee relies upon the case of Johnston v. Maryland Casualty Co., 22 Wash. 2d 250, 155 P. 2d 806 as authority for the proposition that appellant was not "struck by an automobile" under the facts of this case. In that case Johnston was riding in his Dodge pick-up on his way home from his work in Seattle when it was in a headon collision with a Packard coupe. The accident policy provided for coverage " (1) while operating, driving, riding in, adjusting or cranking a private passenger automobile: * * * (5) by being struck or run over by an automobile." The policy by Clause "C" further defines a passenger automobile as "not [to] include a truck or other automobile made or altered to carry merchandise, tools, or goods of any kind." The Court held that the pick-up was not a "private passenger automobile" and therefore recovery could not be had under (1) above. In determining liability under (5) the Court said:

"The respondent's activity status was that of a driver

of a vehicle that we have held was not covered by the policy. Respondent seeks to recover, notwithstanding, under clause five, 'By being struck or run over by an automobile,' because as he contends, he was struck by his own automobile, which under clause five has its generic meaning. Respondent was still in his own automobile after the collision and never had any personal contact with the Packard coupe, and since the policy and the rules of construction pertinent thereto are not concerned with negligence or proximate cause, he very properly does not contend he was struck by the Packard coupe. * * *

"We think that the effect of clause one upon clause five is that to be 'struck' by an automobile', *means to be struck by an automobile other than one in which one has the activity status of being a driver of an excluded vehicle.* Otherwise clause one and "C" would be meaningless under any conceivable circumstance." (Emphasis added.)

Under the facts of that case we do not think it is in point in the case at bar, nor are we willing to follow the general holding as to the meaning of "being struck by an automobile." Rather, we agree with the reasoning and the holding of the Ohio Court in the case of Carson v. Nationwide Mutual Ins. Co., 169 N.E. 2d 506, 508 (1960). That case discusses the case of Johnston v. Maryland Casualty Co., supra, and declines to follow its reasoning. In the Carson case the policy under Subsection D(2) of the "Coverages" provided for payment of all reasonable expenses incurred within one year following an accident to the policyholder whose injury was sustained: "(a) by being struck by a land motor vehicle or trailer." The insurance company contended that the plaintiff was not struck by a land motor vehicle, as claimed, and as that expression appears in subparagraph (a) because there was no physical contact between the person of the plaintiff and the vehicle which collided with the one in which he was then riding. The judge then discusses what it meant by the phrase "struck by an automobile" and quotes from Webster's New International Dictionary that "strike" includes "to hit", "clash", "dash", or "to come in collision with." Also, he states the rule that where there is no uncertainty or ambiguity in the language of accident insurance policies, the rights and liabilities of parties must be determined in accordance with "plain, ordinary and popular sense of language used," citing the Ohio authority. We have that same rule in Texas. Davis v. National Casualty Co., 142 Texas 29, 175 S.W. 2d 957, (1943);

Hall V. Mutual Ben. Health & Accident Ass'n., Tex. Civ. App., 1949, 220 S.W. 2d 934, wr. ref., Bankers Life & Loan Co. v. Eighinger, Tex. Civ. App., 1950, 226 S.W. 2d 248, no writ history; 24B Tex. Jur. 97, §29. The court holds that the plaintiff could be "struck" by an automobile without there being an actual physical touching between the person injured and the object doing the striking which in that case was an automobile running into plaintiff's vehicle.

As illustrative of situations showing the validity of its reasoning, the Ohio Court says:

"A pedestrian who walks with the assistance of a cane, thrown to the ground when a vehicle strikes his cane from his hand without actually touching his person, causing him to be injured; two pedestrians walking side by side *only one of whom,* however, is physically brushed by a passing vehicle causing them *both* to be thrown to the ground and injured; a person seated in a swing or on a hammock, on a lawn, of the street, thrown into the air by a vehicle out-of-control, crashing into the swing or hammock but not actually touching the person of the injured; a person riding on a bicycle or motorcycle, having it hurled from under him by a passing vehicle without actually touching his person; the rear-end collisions which are a daily occurrence on our city streets, and frequently happen when a vehicle stops at an intersection for a red light and while stopped is struck by a vehicle from behind, causing injury to the operator or passenger of the stationary vehicle.

"To hold as the defendant insists, that in none of these instances was the person injured, 'struck by' the offending vehicle, merely because there was no physical touching of the person injured by said vehicle, would seem to be novel, unwarranted and without justification, taking into account the common and ordinary meaning of these words and phrases which are not obscure or ambiguous and which in ordinary usage, in the opinion of this Court, are commonly understood to mean the contrary."

We hold that plaintiff was "struck by an automobile" within the meaning of that phrase in Endorsement No. 214 while riding in the Ford pick-up which was in collision with another automobile and that the injuries received resulted from the striking by the Hulse automobile with the pick-up. From the

above reasoning, it follows that our answer to the certified question is that Endorsement No. 214 did preserve plaintiff's rights under the policy covering the Mercury automobile to recover for the medical expenses sued for.

Associate Justice Steakley not sitting.