[Civ. No. 165. Fifth Dist. Dec. 18, 1962.]

BURLIE McMILLAN, Plaintiff and Appellant, v. STATE FARM INSURANCE COMPANY, Defendant and Respondent.

Vizzard, Baker, Sullivan & McFarland and James Vizzard for Plaintiff and Appellant.

Bradley, Wagy, Bunker & Hislop and Jack W. Bradley for Defendant and Respondent.

CONLEY, P. J.—At the trial it was determined that plaintiff was not covered for major medical payments by a policy of insurance issued by the defendant. The superior court held that the insurance did not apply to the plaintiff, because at the time of her injury she was occupying an automobile of her husband not included in the definition of "owned automobile" contained in the policy.

The plaintiff alleges in her complaint the corporate organization of the defendant, State Farm Insurance Company; that it issued to plaintiff a policy of automobile liability insurance on a 1957 Ford automobile registered in her name, and that the premiums were duly paid; that on or about July 1, 1960, plaintiff was involved in an accident while driving and operating a 1960 Buick automobile registered in the name of her husband, Don McMillan, as the result of which she suffered serious injuries requiring, and which will in the future require, hospitalization and medical care costing in excess of $7,000; that at the time of the accident Don McMillan, the owner of the Buick automobile, was the holder of a policy of automobile liability insurance issued to him by another organization, the Farmers Insurance Group, which contained a provision for guest medical reimbursement in the sum of $2,000; that in compliance with the terms of that policy the other insurance group paid $2,000 of the hospital and medical expenses of the plaintiff.

The pleading also avers that the present policy provided under coverage M that the defendant would pay 100 per cent of the first $1,000 and 80 per cent over and above that amount of the total medical and hospital expenses payable by the plaintiff if she should be injured, with a maximum limit of $5,000. It is further stated that the medical expenses incurred by plaintiff within one year before the action have been sufficiently in excess of $7,000 so that 80 per cent of the expenses payable by plaintiff in that period for medical care and hospitalization above the $2,000 heretofore paid by the Farmers Insurance Group would be in excess of $5,000; that she has complied with all of the conditions of the policy on her part to be performed; that a controversy has arisen

between the plaintiff and defendant as to the interpretation of the policy and as to whether defendant is liable under the guest medical coverage. A second cause of action, in the form of a common count, alleges that the sum of $5,000 is due, owing and unpaid from defendant to plaintiff.

The defendant answered by denying liability and by setting up the following defense: that no medical payments are due to plaintiff because exclusion clause (i), paragraph (2), of the insuring agreements I and II, expressly provides that coverages C and M on which plaintiff bases her suit do not apply to "bodily injury to any person while occupying or being struck by any automobile, land motor vehicle or trailer if such vehicle is owned by the named insured or a relative and is not included in the definition of 'owned automobile,'" and that Don McMillan, husband of plaintiff and a named assured, was the owner of the automobile occupied by plaintiff at the time of her injury, but that such automobile was not an "owned automobile" as defined in the policy.

Pursuant to the application of the defendant, the court ordered the trial of the special defense as the first step in the solution of the litigation; after trial of this first issue, the court filed findings of fact and conclusions of law holding that the claim of plaintiff is in fact excluded from insurance agreements I and II of the policy by virtue of exclusion (i), paragraph (2). The judgment directs that plaintiff take nothing by her action and that defendant recover its costs of suit.

The issue is simple; and we agree that the judgment is correct. ■ There is no ambiguity in the contract of insurance which would require or permit evidence in aid of its construction; it is therefore our duty as an appellate court to examine only the policy itself and to form our own view as to its meaning. We reach the identical conclusion that the trial court did.

The policy was issued by the defendant company to Burlie McMillan, P. O. Box 239, McFarland, California, covering her Ford 1957 automobile for the period from April 26, 1959, to August 11, 1959, for which she paid a premium of $20.55. It is conceded that the term of the policy was duly extended and was in full force and effect at the time of the alleged accident. The coverages set forth in insuring agreements I and II are multiple, but the coverages here in question are as follows:

"COVERAGE C—MEDICAL PAYMENTS. To pay reasonable

expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray, dental, ambulance, hospital, professional nursing and funeral services, eyeglasses, hearing aids and prosthetic devices:

"Division 1. To or for the named insured and each relative who sustains bodily injury, caused by accident, while occupying or through being struck by the owned automobile, or any other land motor vehicle or trailer not operated on rails or crawler-treads, but not (1) a farm type tractor or equipment designed for use principally off public roads, except while actually upon public roads or (2) a land motor vehicle or trailer while located for use as premises and not as a vehicle or (3) a house trailer while used as permanent living quarters.

"Division 2. To or for any other person who sustains bodily injury, caused by accident, while occupying or through being struck by the owned automobile, provided such automobile is being used by an insured.

"Limit of Liability—Coverage C. Unless specifically amended in the declarations, the company's limit of liability shall not exceed $500 for all expenses incurred for each person who sustains bodily injury in any one accident.

"COVERAGE M—Major Medical Payments. To pay 100% of the first $1,000 and 80% over that amount of the total expenses payable under the respective divisions of coverage C to or for each person who sustains bodily injury in any one accident, subject to all the provisions of coverage C except limit of liability.

"Limit of Liability—Coverage M. The company's limit of liability shall not exceed $1,000 for funeral expenses incurred for each person, and subject to this provision, $5,000 for all expenses incurred for each person who sustains bodily injury in any one accident."

Under the heading "Definitions—Insuring Agreements I and II" "named insured" is defined as meaning, ". . . the individual so designated in the declarations and also includes his spouse, if a resident of the same household." Don McMillan, as husband of Burlie McMillan, is therefore one of the named insureds.

"Owned automobile," as defined in the policy, "means the private passenger automobile, utility automobile or trailer described in the declarations and includes a temporary substitute automobile and a newly acquired automobile, and under coverages . . . C and M a trailer owned by the named insured."

Under the heading "Exclusions—Insuring Agreements I and II," the insurance contract expressly provides:

*"This insurance does not apply under:*

" . . . . . . . . . . . . .

"(i) coverages C and M, to bodily injury to any person:

"(1) if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law;

"(2) while occupying or through being struck by any automobile, land motor vehicle or trailer if such vehicle is owned by the named insured or a relative and is not included in the definition of 'owned automobile';

"(3) other than the named insured and a relative while occupying any vehicle not insured under Insuring Agreements I or II;".

 It is at once apparent that paragraph (i) (2) of the exclusions by its terms deprives the plaintiff of any right to sue or recover under this policy. The appellant argues that subparagraphs (2) and (3) should be read together as one single exclusion. This contention is patently contrary, not only to the rules of punctuation, but to common sense. Paragraph (i) of the exclusions above quoted, by its express terms, covers three situations, separate and distinct in character, and subparagraph (2) expressly applies to the present situation and eliminates any right of action.

The argument is made in appellant's briefs that other portions of the contract would not be crystal clear to a layman and that an insured person might, even if erroneously, believe that he was covered by the policy. Realistically, it can be conceded that in our modern automobile age people usually do not read the fine print in their policies, and the complexities of some provisions of these insurance contracts are so tortuous that it would take an elder statesman to understand them. But such an argument is unrewarding to this appellant. For the court owes a duty to construe what is definite and certain in the contract provisions; and there is no room for interpretation here. We simply read the clear and controlling language and hold accordingly. *(National Auto. Ins. Co.* v. *Industrial Acc. Com.,* 11 Cal.2d 689, 691 [81 P.2d 926].)

 While uncertainties and ambiguities in insurance policies are to be resolved against the insurer *(Sampson* v. *Century Indemnity Co.,* 8 Cal.2d 476 [66 P.2d 434, 109 A.L.R. 1162]), this does not mean that courts are authorized to put

a strained and unnatural contruction on the terms of a policy in order to create an uncertainty or ambiguity.

As is said in *Burr* v. *Western States Life Ins. Co.*, 211 Cal. 568, 576 [296 P. 273] : ''We have not lost sight of the familiar rule requiring all uncertainties and ambiguities in a policy of insurance to be resolved against the insurer, who is presumed to have selected and incorporated into the policy the language employed therein. That rule can only have application when the policy actually presents some uncertainty or ambiguity. In the absence thereof, the courts have no alternative but to give effect to the contract of insurance as executed by the parties.''

A case similar to this one in many of its aspects and in the conclusion which the court reaches is *Morton* v. *Travelers Indemnity Co.*, 121 Cal.App.2d Supp. 855 [263 P.2d 337].

The judgment is affirmed.

Brown, J., and Stone, J., concurred.