Stephanie Collins, Plaintiff-Appellee, v. Farmers Insurance Exchange, a Reciprocal, Defendant-Appellant.

Gen. No. 49,434.

First District, First Division.

July 6, 1964.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago (John M. Moelmann and Thomas J. Weithers, of counsel), for appellant.

Rosengard, Hecht & Lewis, of Chicago (Sherman L. Lewis and Kenneth L. Hecht, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court.

This is an appeal by defendant, Farmers Insurance Exchange from a judgment for $2,000 entered against it in a declaratory action based upon a medical payment provision of an automobile insurance policy issued by it.

John Collins, husband of the plaintiff, Stephanie Collins, purchased the policy covering his 1960 Pontiac automobile. He was killed in an automobile accident while driving a tractor-trailer outfit owned by his employer and while in the course and scope of his employment. The declaratory judgment was entered in favor of his widow for funeral expenses incurred as the result of his death.

It is the contention of Farmers Insurance that although the policy of insurance obligated the insurer to pay all reasonable expenses incurred for funeral services arising out of the death of the insured, John Collins, if he sustained bodily injuries caused by accident while occupying an automobile, the policy coverage did not apply if the bodily injury sustained by the insured occurred while he was occupying an automobile owned by or regularly and frequently used by such named insured . . . other than the described automobile (his 1960 Pontiac).

Plaintiff, Stephanie Collins, admitted in her pleadings, and on the trial, that at the time John Collins sustained the injuries resulting in his death, he was occupying an automobile regularly and frequently used by him which was not the described automobile. By its policy of insurance, in Part III thereof, Farmers Insurance agreed:

> "To pay all reasonable expenses actually incurred for necessary medical, surgical, dental, x-ray, ambulance, hospital, professional nursing and *funeral expenses* (italics ours), pharmaceuticals, orthopedic and prosthetic devices, eye glasses and hearing aids:
>
> (G) to and for the named insured . . . who sustains *bodily injury,* caused by accident, while occupying or through being struck by an automobile";

93

In that portion of the policy entitled "Exclusions Under Part III," it provided:

> "This Policy Does Not Apply Under Part III: to bodily injury sustained by:
>
> > (2) the named insured . . . while occupying an automobile owned by or regularly and frequently used by such insured; other than the described automobile."

In Part I of the policy "bodily injury" is specifically defined as meaning "bodily injury, sickness or disease, including *death at any time resulting therefrom* (italics ours). This same definition is carried into Part III of the policy. It also states that "Automobile," by the policy definition includes trailer of any type.

Farmers Insurance contends that since there is no dispute that John Collins sustained bodily injury resulting in his death while occupying an automobile, and there is no dispute that at the time he was occupying an automobile regularly and frequently used by him in his employment which was not the car described in the policy, there was no liability for the funeral expenses.

Plaintiff, Stephanie Collins, contends that the definition given to "bodily injuries" to include "death at any time resulting therefrom" in Part I of the policy and carried over to Part III, does not apply to that part entitled "Exclusions Under Part III." Therefore, she says, the term "bodily injuries" under the exclusory provision is ambiguous and requires interpretation. This gave the lower court the right to resolve the issue against the insurance company "which so ambiguously and misleadingly drew the policy."

94

■ We cannot agree. "Exclusions Under Part III" must obviously be a portion of Part III and relates to that part of the policy only and the terms as defined therein. Otherwise, the exclusions have no meaning. Being related to Part III the definition of "bodily injuries," which includes "death resulting therefrom," is carried over to the exclusionary clause.

But, even assuming we accept plaintiff's premise that no definition in the policy can be applied to the term "bodily injury" as used in the exclusionary clause, there would still be no doubt that the injury which resulted in John Collins' death was excluded from the policy. The policy under Part III states that certain expenses, including funeral expenses, are payable to the named insured who sustains *bodily injury* caused by accident while occupying or through being struck by an automobile. The exclusion affects *bodily injury* sustained by plaintiff's decedent while he was occupying an automobile regularly and frequently used by him other than the described automobile. Since that bodily injury suffered by the decedent is excluded, then it is self evident that the funeral expenses resulting from bodily injury are also excluded.

■ In the case of Davis v. Liberty Mutual Insurance Co., 308 F2d 709 (8th Cir 1962), the court considered almost identical provisions of an insurance policy, and the contention made therein was similar to that made by plaintiff Collins here. The court there found no ambiguity in the terms of the policy and held that it ought not read into the policy anything contrary to the plain terms thereof. The court further said on page 711: "As above noted, the exclusion clause as respects Coverage A used the words 'bodily injury.' Appellant wants us to disregard the nomenclature in Coverage A which includes under the term 'bodily injury' 'bodily injury, sickness or disease,

95

including death resulting therefrom.' " The reviewing court said that to adopt this argument would mean that if a person's injuries were less than fatal the policy would not afford coverage, but, if fatal, then coverage would exist. And so we say, as it was held there, that to reach this conclusion we would have to disregard the plain language of the provisions of Part III. We must construe the terms of the entire policy to determine its full meaning. To disregard that which appears plain and certain is to exercise inventive powers to create an ambiguity where none exists. The policy specifically and clearly excluded the claim of the widow and the trial court erred in entering judgment on it for the funeral expenses. The judgment of the court is reversed.

Reversed.

MURPHY, P. J. and BURMAN, J., concur.