Howard B. VAUGHN et al., Appellants,

v.

ATLANTIC INSURANCE COMPANY,
a Corporation, Appellee.

No. 177.

Court of Civil Appeals of Texas.

Tyler.

Dec. 9, 1965.

Rehearing Denied Jan. 6, 1966.

James N. Phenix, Phenix, Keeling &
Wilder, Henderson, for appellants.

Royal H. Brin, Jr., Strasburger, Price,
Kelton, Miller & Martin, Dallas, for ap-
pellee.

MOORE, Justice.

Appellee, Atlantic Insurance Company,
issued appellant, Howard B. Vaughn, a pol-
icy of insurance upon each of the two auto-
mobiles owned by him. Among other cov-
erage, the policies provided for medical and
hospital expense in the amount of $1,000.00
on each person injured in accordance with
the terms of the policies. One of the pol-
icies covered a Ford automobile and the
other covered a Chevrolet automobile.

While Vaughn, his wife and daughter,
were driving the Ford automobile in the
State of Arkansas, they were involved in a
head-on collision in which Mrs. Vaughn
was killed and appellant and his daughter
were seriously injured. The Chevrolet au-
tomobile was not involved in the accident
but remained at the home of the appellant
in Gregg County, Texas.

Appellee admitted liability on the medical
coverage provision of the policy covering
the Ford automobile and paid the full $1,-
000.00 coverage on appellant as well as his
wife and daughter.

Appellant now contends that he is also en-
titled to the medical payment coverage as
provided in the policy covering the Chevro-
let automobile.

The basis of his claim is to be found in Part II of the policy covering the Chevrolet, which reads as follows:

"Part II

"Coverage C Medical Payments.

"To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, x-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

"Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' caused by accident, while occupying *or through being struck by an automobile*." (Emphasis ours.)

Appellant contends that he and his family were also covered by the medical payments provision in the policy on the Chevrolet because the insurance company contracted to pay if the loss was caused by being "struck by another automobile" and since another automobile struck the Ford occupied by him and his family, he is entitled to recover on the policy on the Chevrolet.

The policy sued upon, that on the Chevrolet, expressly excluded any recovery under its medical payments provision for bodily injury "sustained by the named insured or a relative (1) while occupying an automobile owned by or furnished for the regular use of either the named insured or any relative, other than an automobile defined as an 'owned automobile.'"

The policy defines the term "owned automobile" as being "a private passenger, farm or utility automobile *described in the policy*" (emphasis supplied) and under certain circumstances, a newly acquired automobile. There is no contention that the Ford was a newly acquired automobile, nor that the Ford automobile was described in the policy covering the Chevrolet.

Appellee filed a motion for summary judgment based upon this exclusion and appellants likewise filed a motion for summary judgment. After due hearing and consideration of the arguments and trial briefs of both sides, the District Court granted appellee's motion for summary judgment and denied that of appellants, from which appellants perfected their appeal.

The facts are not in dispute and it is not contended that the terms and provisions of the policy are ambiguous. The case will therefore turn upon the legal effect to be accorded the language used in the policy.

The basis of appellant's contention is that the coverage provided for in Part II above provides two separate and distinct coverages, i. e. (1) for injuries sustained while occupying the automobile, and (2) for being struck by another automobile. The exclusion, he argues, which excludes the loss for injuries sustained by occupying another owned automobile, would only include injuries received in what is generally known as a "one-car wreck," such as a collision with a stationary object or overturning. Since the exclusion did not mention or specifically exclude coverage through "being struck by another automobile," he reasons that the exclusion would have no application to the additional gground of recovery for injuries sustained as the result of being struck by another automobile despite the fact that he and his family were then occupying another automobile owned by him.

The general rule is that a policy of insurance must be construed most favorably to the insured, but this rule applies only when there is a real ambiguity in the language of the policy. If the words used in a policy are plain and unambiguous, it is the duty of the court to give effect to such language in accordance to its plain, ordinary meaning, and not make a new contract for the parties by arbitrary judicial construction. 32 Tex.Jur.2d, pars. 54 and 60.

The California case of Security Trust & Savings Bank of San Diego v. New York

Indemnity Company, 220 Cal. 372, 31 P.2d 365, declares that:

"* * * The very purpose of exception or limitation clauses is to exclude risks otherwise covered by general coverage clauses. It is of their nature to conflict with general clauses, in that they constitute restrictions on the latter. An insurance contract, like any other contract, should be construed as an entirety, the intention being gathered from the whole instrument. * *"

The exclusionary clause here under consideration simply excludes any medical coverage to the insured or members of his family which were sustained while occupying another owned automobile other than an automobile described within the policy. It is without dispute that the Ford automobile involved in the accident in which appellant and his family were injured was owned by the appellant, and it was not covered as an "owned automobile" in the Chevrolet policy because it was not described therein and no premiums were paid thereon.

The language used in the exclusion must be taken in its ordinary and usual sense, and must be given such interpretation as was probably in the contemplation of the parties when the policy was issued. As we construe the exclusion it seems to be clearly and definitely stated that the insured would have no protection against loss for medical payments if the injury occurred while appellant or the other members of his family were occupying another automobile owned by the insured, irrespective of whether the loss was occasioned by a "one-car wreck" or was a result of being struck by another automobile.

The purpose of such exclusion provision was pointed out by the court in Lumbermens Mut. Casualty Co. v. Pulsifer (1941, D.C.Me.), 41 F.Supp. 249, as follows:

"The exclusion from coverage of other cars owned by the insured, as well as cars owned by members of his household, and the exclusion of cars 'hired for regular use,' as well as the language as a whole, would seem to indicate the intention of the Company to protect itself from a situation where an insured could pay for one policy and be covered by the insurance in driving any car that he decided to use, whether owned by him or members of his family or rented. In other words, cars under his control that he could use at will and might use often. Without some such exclusion it is obvious that the Company might lose premiums and also that the hazard under the insurance would be increased. That to avoid such results was apparently the idea of the agents of the Company in writing this clause is admitted by its counsel." 173 A.L.R. 901.

We are not in agreement with the argument that the exclusion clause failed to exclude the coverage "being struck" by an automobile. It is apparent to us that Paragraph b (of the exclusions) by its terms deprives the plaintiff of any right to recover under the policy. It is the duty of the court to construe that which is definite and certain in the contract provision; and there is no room for interpretation here. We think the language of the policy covering the Chevrolet is clearly subject to the construction that there is no liability for a loss sustained by the insured or any member of his family while occupying another automobile owned by the insured. This seems to be the interpretation universally applied and followed by most courts. Lonsdale v. Union Insurance Company, 167 Neb. 56, 91 N.W. 2d 245 (S.Ct.Neb.); McMillan v. State Farm Insurance Company, 211 Cal.App.2d 58, 27 Cal.Rptr. 125; Collins v. Farmers Insurance Exchange, 51 Ill.App.2d 92, 200 N.E.2d 60; Mallinger v. State Farm Mutual Automobile Insurance Company, 253 Iowa 222, 111 N.W.2d 647.

In support of their contention, appellants cite Hale v. Allstate Insurance Company, 162 Tex. 65, 344 S.W.2d 430, and Southwestern Fire And Casualty Company v. Atkins, Tex.Civ.App., 346 S.W.2d 892. The

facts involved in each of these cases are materially different from those involved here and for that reason are not thought to be in point.

The judgment of the trial court is affirmed.