William A. COCKRUM, Appellant,

v.

TRAVELERS INDEMNITY COMPANY, Appellee.

No. 16973.

Court of Civil Appeals of Texas.

Dallas.

Sept. 29, 1967.

Rehearing Denied Oct. 27, 1967.

Marvin Menaker, Dallas, for appellant.

John A. Gilliam, of Thompson, Knight, Simmons & Bullion, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

This is an appeal by William A. Cockrum from a take nothing summary judgment in favor of Travelers Indemnity Company in a suit filed by Cockrum to recover medical payments under a family automobile insurance policy. The facts were not in dispute and both parties filed a motion for summary judgment. The sole question presented was the liability *vel non* of Travelers for the payment of medical payment insurance under the automobile policy. The trial court found that as a matter of law there was no liability and granted appellee's motion for summary judgment.

### FACTS

On February 9, 1965 Travelers Indemnity Company issued its Family Automobile Policy (being a renewal of prior coverage) with William A. Cockrum as the named insured. This policy contained a schedule of coverage on three separate automobiles owned by Cockrum. Car No. 1 was a Cadillac, 1961 model, and was specifically insured for bodily injury liability; property damage liability; medical payments in the sum of $1,000; comprehensive liability; collision and towing. Each separate coverage bore a designated premium charge. Car No. 2 was a 1956 Cadillac and was insured for the same coverages with the exception of medical payments and collision. Car No. 3 was a 1961 Pontiac and was specifically insured against all losses except medical payments. It was undisputed that medical payment coverage was not requested for the No. 3 automobile and none was charged therefor. The policy contained the provision that:

"The absence of an entry in any premium space shall mean that such insurance is not afforded with respect to the particular automobile."

On May 9, 1965, while the policy in question was in full force and effect, William A. Cockrum's daughter, Barbara Jean, while driving the Pontiac automobile, being the No. 3 car described in the policy, was in collision with another automobile and, as a result of such accident, she was killed. The amount of the funeral expenses incurred as a result of the daughter's death exceeded the sum of $1,000. It was conceded by the insurance company that if there was liability under the policy in question Cockrum would be entitled to recover the sum of $1,000, plus 12 per cent penalty in the amount of $120, and for reasonable attorney's fees.

The material portions of the policy of insurance sued upon and which must control the issue of liability are as follows:

The term "owned automobile" means

"(a) a private passenger * * * automobile described in this policy for which a specific premium charge indicates that coverage is afforded, * * *."

* * * * * *

"PART II—Expenses for Medical Services.

"Coverage C—Medical Payments.

"To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

"Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', caused by accident,

"(a) while occupying the owned automobile,

"(b) while occupying a non-owned automobile, but only if such person has, or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission, or

"(c) through being struck by an automobile or by a trailer of any type;

"Division 2. To or for any other person who sustains bodily injury, caused by accident, while occupying

"(a) the owned automobile, while being used by the named insured, by any resident of the same household or by any other person with the permission of the named insured; * * *."

"Definitions.

"The definitions under Part I apply to Part II, and under Part II: 'occupying' means in or upon or entering into or alighting from.

"Exclusions.

"This policy does not apply under Part II to bodily injury:

"(a) sustained while occupying (1) an owned automobile while used as a public or livery conveyance, or (2) any vehicle while located for use as a residence or premises;

"(b) sustained by the named insured or a relative while occupying or through being struck by (1) a farm type tractor or other equipment designed for use principally off public roads, while not upon public roads, or (2) a vehicle operated on rails or crawler-treads;

"(c) sustained by any person other than the named insured or a relative,

"(1) while such person is occupying a non-owned automobile while used as a public or livery conveyance, or

"(2) resulting from the maintenance or use of a non-owned automobile by such person while employed or otherwise engaged in the automobile business, or

"(3) resulting from the maintenance or use of a non-owned automobile by such person while employed or otherwise engaged in any other business or occupation, unless the bodily injury results from the operation or occupancy of a private passenger automobile by the named insured or by his private chauffeur or domestic servant, or of a trailer used therewith or with an owned automobile;

"(d) sustained by any person who is employed in the automobile business, if the accident arises out of the operation thereof and if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law;

"(e) due to war."

\* \* \* \* \* \*

"Conditions.

"3. Two or More Automobiles.
"Parts I, II and V

"When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each, * * *."

## OPINION

Appellant and appellee agree that the only question to be resolved by this appeal is one of law, i. e., whether the insurance contract sued upon imposes the legal obligation upon the part of appellee to pay benefits under the medical payment provision of the policy under the admitted facts presented in this record. Appellant, in his sole point of error, contends that since appellant's daughter sustained injuries, which resulted in her death, which were caused by an accident through being struck by an automobile, that the terms of the insurance policy became effective. **In support of his** contention appellant relies upon the decision of this court in Hale v. Allstate Ins. Co. (Tex.Civ.App., Dallas 1961), 345 S.W. 2d 346, and the opinion of the Supreme Court of Texas in answering a certified question, Hale v. Allstate Ins. Co., 162 Tex. 65, 344 S.W.2d 430 (1961). Appellant contends that the trial court erred in failing to sustain his motion for summary judgment as well as committing error in sustaining appellee's motion.

Appellee, by appropriate counterpoints, takes the position that the trial court's judgment was correct since at the time the accident occurred appellant's daughter was driving the Pontiac automobile owned by appellant but which was expressly not insured under the medical payment provision of the policy. Appellee argues that since the parties had expressly contracted that no medical payment benefits would be provided on the Pontiac automobile, and no premium charges were made for such coverage on such automobile, there can legally be no liability on appellee for the payment of such coverage. In support of its position appellee relies upon Vaughn v. Atlantic Ins. Co., 397 S.W.2d 874 (Tex.Civ.App., Tyler 1965, writ ref'd n. r. e.), and Gonzales v. Farmers Ins. Exchange, 399 S.W.2d 888 (Tex.Civ.App., Eastland 1966 writ ref'd n. r. e.). We are unable to agree with appellee that either of these cases is applicable under the factual situation here presented.

In *Vaughn*, supra, the insured had a policy of insurance upon each of two automobiles owned by him, one a Ford and the other a Chevrolet. While Vaughn, his wife and daughter, were driving the Ford automobile they were involved in a head-on collision in which Mrs. Vaughn was killed. The insurance company admitted liability on the medical coverage provision of the policy covering the Ford automobile and paid the same. Vaughn attempted to collect medical payment coverage on the Chevrolet automobile, which was not involved in the collision. The insurance policy in that case contained the express exclusion to the effect that medical payment provisions were not payable for bodily injury "sustained by the named insured or a relative (1) while occupying an automobile owned by or furnished for the regular use of either the named insured or any relative, other than an automobile defined as an 'owned automobile' ".

The court in denying recovery, based its decision upon this specific exclusion, saying:

"The exclusionary clause here under consideration simply excludes any medical coverage to the insured or members of his family which were sustained while occupying another owned automobile other than an automobile described within the policy. It is without dispute that the Ford automobile involved in the accident in which appellant and his family were injured was owned by the appellant, and it was not covered as an 'owned automobile' in the Chevrolet policy because it was not described therein and no premiums were paid thereon."

In *Gonzales*, supra, the insurance company issued a family automobile policy to Gonzales covering a Dart automobile, with medical payment coverage, and a Pontiac automobile, with no medical payment coverage provided. During the policy period a 1954 Oldsmobile automobile was substituted for the Pontiac automobile. Gonzales and his wife were operating the Oldsmobile

automobile when it was involved in the collision resulting in injuries and medical treatment. Action was brought to recover under the medical payment provisions of the policy. This policy contained a specific exclusion, as follows:

> "This policy does not apply under PART II to bodily injury: * * * (b) sustained by the named insured or relative (1) while occupying an automobile owned by or furnished for the regular use of either the named or any relative, other than an automobile defined hereunder as an 'owned automobile' * * *."

The court in denying recovery under the medical payment provisions relied upon the exclusionary clause above recited.

■ In the case under consideration the policy of insurance is entirely devoid of an exclusionary clause similar to that contained in *Vaughn* and *Gonzales*. In the absence of such contractual exclusion we must look to the insuring provisions of the policy to determine if the same extend coverage under the factual situation here presented.

■ The policy must be regarded as being separate and distinct as to each of the three described automobiles, namely, the two Cadillacs and the Pontiac. When the policy is thus viewed we immediately arrive at the conclusion that there can be no liability for medical payment coverage as to the Pontiac for the simple reason that the parties expressly did not contract for such coverage to be applicable *on this particular automobile.* So, we then turn to a consideration of the liability of appellee company with reference to the terms of the policy which it issued to appellant and covering the 1961 Cadillac. Admittedly the insurance company extended medical payment coverage to this policy to the extent of $1,000. Under this policy the insurance company expressly agreed with appellant that it would pay benefits to him, and *each relative* who sustains bodily injury, *includ-*

*ing death resulting therefrom, caused by an accident* "(a) while occupying the owned automobile * * * *or* (c) *through being struck by an automobile* * * *."* (Emphasis supplied.)

Obviously the first insuring agreement relating to accidents which occur "while occupying the owned automobile" is not applicable since appellant's daughter was not occupying the "owned automobile" which is defined as the passenger automobile described in the policy and for which a specific premium charge indicates that coverage is afforded. Such insuring agreement not being applicable we then proceed to the additional insuring agreement (c) which provides that the insurance company will pay medical payments to the insured, or relative, who sustains bodily injury, or death, caused by accident "through being struck by an automobile."

Our Supreme Court in Hale v. Allstate Ins. Co., 162 Tex. 65, 344 S.W.2d 430 (1961), considered in great detail the two insuring agreements here under discussion. The insurance company in that case contended that "occupying an automobile" and "being struck by an automobile" are two separate and mutually exclusive coverages provided by the insurance policy. The Supreme Court expressly denied this contention, saying:

> "We hold that the coverage in the Mercury policy for injuries received 'while occupying an automobile' and for injuries received from 'being struck by an automobile' are not mutually exclusive, but are overlapping coverages; * * *."

The contention was advanced in the Hale case that the second coverage "being struck by an automobile" was not applicable because the insured and his family in that case were injured while in an automobile and were not in actual physical contact with the other automobile involved in the collision. Justice Griffin, speaking for the Supreme Court, overruled this contention and held that under the applicable authorities

both in Texas and elsewhere the phrase "being struck by an automobile" did not necessitate actual physical contact with the other vehicle in question in order to be applicable. The court said:

"We hold that plaintiff was 'struck by an automobile' within the meaning of that phrase in Endorsement No. 214 while riding in the Ford pickup which was in collision with another automobile and that the injuries received resulted from the striking by the Hulse automobile with the pickup."

The Supreme Court concluded that the medical payment coverage extended to Hale under the provisions of the insuring agreement covering "being struck by an automobile" even though he was occupying a vehicle not expressly named in the insurance policy.

Following a careful analysis of the undisputed facts and their application to the specific terms and provisions of the insurance contract between the parties we are of the opinion, and so hold, that the decision of the Supreme Court in *Hale*, supra, is controlling and that the policy of insurance covering the 1961 Cadillac automobile is applicable. The contract of insurance specifically extended coverage to Cockrum, and his family, for medical payments incurred as a result of an accident "through being struck by an automobile." Cockrum's daughter was struck by an automobile and medical expenses were incurred.

As was stated by Justice Barrow of the San Antonio Court of Civil Appeals in Williams v. Employers Mutual Casualty Co., 368 S.W.2d 122 (Tex.Civ.App., San Antonio 1963), medical payment coverage is a comparatively new form of insurance and the liability of the insurer under such a provision is based upon contract and not on negligence. 42 A.L.R.2d 983. The insurance policy in this case, being the contract between the parties, contains insuring agreements, as well as exclusions, contained in a form prepared by the insurance company. The insurance company is bound by the clearly expressed terms and provisions contained in such contract. While it did not collect a premium on the Pontiac automobile yet it did collect a premium for medical payment coverage on the Cadillac automobile which policy extended benefits to the insured, and his family, while being injured as a result of an accident "through being struck by an automobile."

The judgment of the trial court denying recovery to appellant is reversed. Appellant does not ask that we reverse and render the case since the issue of reasonable attorney's fees has not been decided by the trial court. Accordingly, it is the judgment of this court that the judgment of the trial court be reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.