**LIBERTY UNIVERSAL INSURANCE COMPANY, Appellant,**

v.

**John W. BODIFORD, Appellee.**

**No. 15250.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

March 21, 1968.

Rehearing Denied April 11, 1968.

Bryan & Patton, Chilton Bryan, J. H. Westmoreland, Houston, for appellant.

Combs, Mitchell, McDonald & Doran, Glynn W. McDonald, Houston, for appellee.

BELL, Chief Justice.

Appellee recovered judgment against appellant under a medical payment provision of a liability insurance policy. Judgment for medical payments was in the amount of $1,375.30. To this was added 12% penalty and attorney's fees of $687.65.

The policy covered two automobiles owned by appellee. Appellee, however, received his injuries when a pickup truck belonging to the United States government which he was driving was in collision with an automobile driven by a third person.

Appellant pled that appellee was not covered because he was occupying an automobile other than his own that was furnished for his regular use, and coverage under such circumstances was excluded by the policy.

A jury found that appellee sustained bodily injury caused by an accident "through being struck by an automobile". It also found that the pickup truck he was driving "was an automobile not furnished for the regular use" of appellee.

Appellant's position is that the trial court erred in not holding as a matter of law that the pickup truck was furnished for the regular use of appellee. Appellee's position is that a fact issue was raised as to whether said truck was furnished for his regular use, and, the jury having found in his favor, he was covered under the "non-owned automobile" provision of the policy. He also contends that he was covered by another provision of the policy because he was "struck by an automobile".

Under "Part I—Liability," a "non-owned automobile" is defined, insofar as is material here, as "(d) a temporary substitute automobile." "Temporary substitute automobile means any automobile * * *, not owned by the named insured, while temporarily used with the permission of the owner as a substitute for the owned automobile * * * when withdrawn from normal use because of breakdown * * *."

"Non-owned automobile means an automobile * * * not owned by or *furnished for the regular use* (emphasis ours unless otherwise indicated) of either the named insured * * *, other than a temporary substitute automobile. * * *"

Part II of the policy covers "Expenses for Medical Services." Coverage C—Division I is involved here insofar as the coverages are set out in paragraphs (b) and (c). Paragraph (b) provides coverage for the named insured "while occupying a non-owned automobile, but only if such person has, or reasonably believes he has, the permission of the owner to use the automobile. * * *"

Paragraph (c) affords coverage to the named insured if injury is sustained "through being struck by an automobile. * * *"

There is a general provision in "Coverage C" stating that "The definitions under Part I apply to Part II, and under Part II; * * *." Also under "Coverage C" there is an unnumbered and unlettered paragraph labeled "Exclusions". We think clearly the exclusions then enumerated are inapplicable to this case.

■ The controlling questions here are: (1) whether appellee was covered because he was occupying a "non-owned automobile" within the meaning of the policy, and (2) whether he was covered by reason of "being struck by an automobile".

Appellee was a journeyman pipe fitter working for Graham Engineering Company, hereinafter called Graham. Graham was a contractor at N.A.S.A. doing both maintenance work and new construction for the United States government. The General Services Administration, for the government, furnished various motor vehicles, such as the pickup truck that appellee was driving when he was injured. Graham would assign certain vehicles to the various crafts working for it. There were from 30 to 40 pipe fitters working at N.A.S.A. for Graham. Several vehicles were assigned by

Graham to the pipe fitters. Such vehicles were under the control of the foreman. Appellee could not at will use any of them. They could not be used for personal use, but only for work being done by Graham for N.A.S.A. Even if appellee or other pipe fitters wanted a vehicle for use in his work he must obtain the permission each day of the foreman who had charge of the vehicles. Appellee on occasion had been denied use of some of the vehicles. This permission had to be obtained each time a person wanted to use a vehicle. Different vehicles might be assigned to appellee or other workmen from time to time. Appellee had occasion to use one of the vehicles once or twice a week. The vehicles were used to transport materials and tools to and from a particular job site.

At the time of the collision in which appellee was injured, he was driving one of the vehicles. He was returning from some work he had been doing near Ellington Air Force Base. He was driving a pickup truck he had gotten permission to use that day. Other co-workers were with him. The collision occurred at the intersection of two public highways, to wit: "N.A.S.A. One" and "Upper Bay Road". A Ford station wagon driven by a Mr. Joe Pacetti ran into the pickup truck, hitting it just behind the door on the side on which appellee was riding. Mr. Pacetti ran a red light.

We are of the view that appellee, under the facts of this case, was clearly covered by that provision of the policy which provides for medical payments to the insured for bodily injuries sustained "through being struck by an automobile".

We deem the reasoning of the Supreme Court in the case of Hale v. Allstate Insurance Co., 162 Tex. 65, 344 S.W.2d 430, to be applicable and controlling here. There Hale had a medical payment policy covering an owned Mercury automobile. Medical payments would be paid him if he received bodily injury while occupying it or by being struck by an automobile. He thereafter purchased a Ford pickup truck.

While the Ford was added to the policy as to other types of coverage, the following endorsement was made to the policy with regard to medical payments:

"Except with respect to bodily injury under Coverage C 1—Medical Payments —Automobile, resulting from the named insured or any relative thereof being struck by an automobile if such coverage is afforded, it is agreed that the policy does not apply to the automobile described below or any automobile acquired as a replacement thereof."

The "automobile described below" was the Ford.

Afterward Hale and his wife were driving the Ford, and were in collision with an automobile driven by a third party. The insurer denied liability, contending since they were occupying the Ford they owned and since it was not covered by the "Mercury" policy as "an owned automobile", they could not recover. The "Mercury" policy provided medical payments for bodily injury resulting from being struck by an automobile. The Hales claimed under this latter provision. The insurer asserted the two provisions were two separate and mutually exclusive provisions. The Supreme Court held such coverages were not mutually exclusive, but were overlapping and, under the facts, that is, the Hales were struck by an automobile driven by a third party, they were, therefore, covered even though they were *occupying* an automobile they owned that was not covered as "an owned automobile".

The Dallas Court of Civil Appeals held the same in the case of Cockrum v. Travelers Indemnity Co., 420 S.W.2d 230, n. w. h.

In this case appellant contends appellee is not covered under the facts we have recited because he was not occupying "an owned automobile" or a "non-owned automobile" within the meaning of the policy. We hold there was coverage under "Coverage C, Division 1 (c)", which provides for medical payments for bodily injury received by being struck by an automobile.

Holding as we do, it is unnecessary for us to pass on whether the pickup truck was a "non-owned automobile" within the meaning of the policy, and we express no opinion thereon.

■ Appellant further asserts as error the allowance of a 12% penalty and attorney's fees because appellee did not plead either as a condition contained in the insurance contract, nor did he plead the same as being provided by a state statute.

In his petition appellee alleged the policy of insurance for medical payments; that he was injured in an automobile accident October 4, 1965, whereby the policy became effective; that he made due proof of loss, but appellant had refused and was refusing to make payments due under the policy.

In paragraph IV of the petition he alleged that because of such refusal it had become necessary for him to employ counsel to represent him in this proceeding. He then alleges "that by reason of the refusal of said defendant to make payment in accordance with the terms of the policy, it has become additionally liable for reasonale attorney's fees * * * plus statutory penalties in the amount of 12% under the laws of the State of Texas." There was a prayer "for the full amount of his damages, all costs of court, and such other and further relief, at law and in equity, to which he may show himself justly entitled."

■ Appellant filed various special exceptions, including some directed to the allegations with regard to penalties and attorney's fees. We do not find that they were acted on by the court. It being the duty of the party levying exceptions to obtain action on them by the court, and we finding no action taken by the court, they were waived.

We are of the view that the pleading was sufficient to assert the right to the statutory penalty and attorney's fees. Washington National Insurance Co. v. Kohlenbrener, 329 S.W.2d 956 (Tex.Civ.App.), ref., n. r. e. We are also of the view that they are

recoverable under Insurance Code, Section 3.62, V.A.T.S. American Indemnity Co. v. Garcia, 398 S.W.2d 146 (Tex.Civ.App.), ref., n. r. e.

Affirmed.