376 So.2d 266 (1979)
SHELBY MUTUAL INSURANCE COMPANY OF SHELBY OHIO, Appellant,
v.
Kenneth E. MANCHESTER, Jr., Appellee.
Nos. 78-794, 78-1728.
District Court of Appeal of Florida, Third District.
October 16, 1979.
Rehearing Denied November 19, 1979.
*267 Carey, Dwyer, Cole, Selwood & Bernard and Steven R. Berger, Miami, for appellant.
Rudolph Browd, Miami, for appellee.
Before PEARSON, HENDRY and HUBBART, JJ.
HENDRY, Judge.
By this consolidated appeal, Shelby Mutual Insurance Company of Shelby, Ohio urges reversal of the trial court's order of summary judgment regarding the right of appellee to recover medical payments under a policy of automobile insurance and an order by which the court awarded attorney's fees to appellee's counsel.
Appellee, Manchester, sustained injuries when he was struck by an uninsured vehicle on January 1, 1973, while driving a motorcycle in Homestead. At the time of the accident, both Manchester and his father were named insured under a policy with appellant-insurer which afforded various types of coverage, and specifically listed a 1970 Ford pickup truck and a 1972 Ford Mustang as the insured vehicles.[1] The policy with appellant had an uninsured motorist provision of $10,000.00 each person, $20,000.00 each accident and a provision for $2,000.00 medical payments; appellee and his father, the insured, made annual premium payments of $30.00 for the medical payments provision and $4.00 for the uninsured motorist insurance. After the accident, appellee made demand against the insurer under the uninsured motorist coverage provision. The insurer refused to make payment on the uninsured motorist claim until several months after appellee had retained counsel and filed suit. Appellant in May of *268 1977 tendered its policy limits on the uninsured motorist claim to Manchester. A "receipt release and assignment" was required by appellant in order for Manchester to receive the $10,000.00. A provision of said receipt release stated:
"Therefore, in consideration of the payment to me of the sum of $10,000.00 by the Company, the receipt of which is hereby acknowledged. I do release and forever discharge the Company from any and all claims arising out of the Uninsured Motorist Provision of the Policy. It is understood that there is still pending a claim against the Company for the Medical Payment Provisions Benefits of the Policy and for Attorneys Fees."
Thereafter the cause proceeded as to the medical payments provision and attorneys fees (for professional services regarding both the uninsured motorist claim and the medical payments claim). In March of 1978 the trial court entered an order on petition for clarification and motion for final summary judgment in favor of plaintiff/appellee; the court interpreted the medical payments provision of the policy to afford coverage under the facts of the case. We agree and affirm on this point.
The policy provided medical payments coverage as follows:
"The company will pay all reasonable medical expense incurred within one year from the accident
"Division 1. To or for each person who sustains bodily injury, caused by accident while occupying a designated automobile which is being used by a person for whom bodily injury liability insurance is afforded under this policy with respect to such use;
"Division 2. To or for each insured who sustains bodily injury, caused by accident, while occupying or, while a pedestrian, through being struck by a highway vehicle."
The policy also contained certain exclusions, the following is the particular exclusion in dispute:
"(d) under Division 2, to bodily injury sustained while occupying a highway vehicle owned by an insured, or furnished for the regular use of any insured by any person or organization other than the named insured."
Appellant's position is that the above-quoted exclusion applies in the cause sub judice, since the appellee was occupying a highway vehicle that he owned at the time of the accident.[2] Appellee contends that the exclusion is ambiguous and coverage must be afforded, based upon the well-established general rule of interpretation that when the terms of an insurance policy are capable of two or more constructions, the construction permitting recovery is to be given effect. Queen Insurance Company v. Patterson Drug, 73 Fla. 665, 74 So. 807 (1917); Feldman v. Central National Insurance Company, 279 So.2d 897 (Fla. 3d DCA 1973); Rowland v. National States Insurance Company, 295 So.2d 335 (Fla. 1st DCA 1974).
In its deliberations, as cited in its order, the trial court based its decision in favor of appellee on the rationale espoused in a similar case decided by the Supreme Court of Texas, Hale v. Allstate Insurance Company, 162 Tex. 65, 344 S.W.2d 430 (1961).
We hold that Manchester was "struck by a highway vehicle" within the meaning of Division 2. while riding the motorcycle which was in an accident with another vehicle, and that the bodily injuries received resulted from the striking of the Manchester vehicle by that other vehicle. It follows, therefore, that the subject exclusion did preserve appellee's right under the policy with appellant to recover medical payments, even though two other vehicles were designated thereunder.
The essence of the holding in Hale, supra, as is that of ours today, sets forth that the provisions of the respective policies afford coverage for medical payments to an insured who has sustained bodily injury caused by an accident "while occupying a *269 highway vehicle", and "through being struck by a highway vehicle." Thus, the reasoning employed by the court in Hale was that because the word "occupying" was a separate and distinct coverage the exclusion applied for injuries sustained by occupying another owned vehicle  which would include injuries received in what is known as a "one car accident." The exclusion, then, would not apply to the second coverage "through being struck by a highway vehicle." In applying the Hale rationale to the instant cause, the trial court found that the policy necessarily afforded coverage while "occupying" and "through being struck by a highway vehicle." The subject exclusion, then, is to be interpreted to concern itself with "occupying" only, not with "being struck by a highway vehicle"  as provided under Division 2. of the policy.
Regarding the award of attorney's fees, we affirm the order on the basis of that there is competent, substantial evidence in the record to support the award.
Affirmed in all respects.
PEARSON, Judge (dissenting).
I respectfully dissent upon the same basis as the case of Vaughn v. Atlantic Insurance Company, 397 S.W.2d 874 (Tex.Civ.App. 1965). In that case, the Texas Court of Civil Appeals distinguished the facts before it from the prior Texas Supreme Court case of Hale v. Allstate Insurance Company, 162 Tex. 65, 344 S.W.2d 430 (1961), the case relied upon in the present majority opinion. I would hold that the Vaughn case is factually much closer to the case now before us and that Vaughn and not Hale should, therefore, provide the controlling precedent in this instance.
As stated in Vaughn, 397 S.W.2d at 876-877:
"The language used in the exclusion must be taken in its ordinary and usual sense, and must be given such interpretation as was probably in the contemplation of the parties when the policy was issued. As we construe the exclusion it seems to be clearly and definitely stated that the insured would have no protection against loss for medical payments if the injury occurred while appellant or the other members of his family were occupying another automobile owned by the insured, irrespective of whether the loss was occasioned by a `one-car wreck' or was a result of being struck by another automobile."
* * * * * *
"We are not in agreement with the argument that the exclusion clause failed to exclude the coverage `being struck' by an automobile. It is apparent to us that Paragraph b (of the exclusions) by its terms deprives the plaintiff of any right to recover under the policy. It is the duty of the court to construe that which is definite and certain in the contract provision; and there is no room for interpretation here."
* * * * * *
"In support of their contention, appellants cite Hale v. Allstate Insurance Company, 162 Tex. 65, 344 S.W.2d 430, and Southwestern Fire And Casualty Company v. Atkins, Tex.Civ.App., 346 S.W.2d 892. The facts involved in each of these cases are materially different from those involved here and for that reason are not thought to be in point."
NOTES
[1] At the time of the accident, appellee had a policy of insurance with Gateway Insurance Company on the motorcycle; however, the policy did not contain medical payment coverage.
[2] It is undisputed that "Division 1." coverage did not apply because the vehicle involved in the accident was not a "designated automobile."